## CAHN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term.  March, 1902.)

CARRIERS—INJURIES TO PASSENGER—EVIDENCE.

Plaintiff, a passenger, while leaving defendant's car, stepped on a nail which penetrated his shoe and entered one of his toes, remaining there.  No direct proof was given that the nail came out of the floor of the car.  Defendant proved that the car had been inspected an hour before the accident, and that a matting covered the floor.  ·Held that, since the evidence was as equally consistent with the absence as with the existence of negligence, plaintiff could not recover.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Max Cahn against the Manhattan Railway Company. Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Charles A. Gardiner (M. W. Gallaway, of counsel), for appellant.
Samuel S. Koenig, for respondent.

GREENBAUM, J.  The plaintiff, a passenger on the train of defendant's railroad, while in the act of leaving the car to alight, stepped upon a nail, which penetrated the sole of his shoe and entered one of his toes.  There was no direct proof that the nail came out of the flooring of the car, unless this fact can be inferred from plaintiff's testimony as follows:

"Q. How was the nail fastened in the floor?  Do you know?  A. I could not see it, on account of the mat lying there, but I felt it when I stepped on it.  I am a very heavy stepper, but I could feel it as I pulled it out there.  The boards were cracking in the car.  The boards must have been rotten in the floor."

The defendant proved that the car was in actual service on the morning of the accident for somewhat upwards of an hour, and that before being put in service it had been thoroughly cleaned and inspected, and no obstructions found.  It seems quite improbable that the nail should have come from the floor of defendant's car, in view of the fact that the point entered plaintiff's shoe, and remained in his shoe until it was pulled out on the platform by an employé of defendant.  There was a matting on the floor, and the happening of the accident would be more consistent with the theory that a loose nail had been dropped by some one in the car.  "It is a settled principle in the law of negligence which, it has been said, should never be lost sight of, that, when the plaintiff's evidence is equally consistent with the absence as with the existence of negligence, the case should not be submitted to the jury, since in such a case the evidence fails to establish the essential fact."  Ruppert v. Railroad Co., 154 N. Y. 94, 47 N. E. 971.  The case at bar seems, too, peculiarly to come within the doctrine also upheld in the Ruppert Case, supra, that, where it is as probable that the injury resulted from the act of a third party as from that of the defendant, the plaintiff cannot recover.  The judgment

should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.