KATE THOMAS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 15, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Street Railway. Evidence,* Presumptions and burden of proof.    *Res Ipsa Loquitur.*

In an action by a woman passenger against a street railway company for personal injuries, the facts that, while the plaintiff was alighting from the front platform of a somewhat crowded car of the defendant, her dress caught, causing her to fall, that there were four other persons on the platform besides the motorman, and that the plaintiff was caught so firmly that some one pulled her toward the car to loosen her dress, do not warrant the inference that the plaintiff's dress was caught by something securely attached to the car, or that, if it was, the vestibule was defective, both of these conclusions being mere conjectures.

In an action by a woman passenger against a street railway company for personal injuries from a fall caused by the plaintiff's dress catching on something as she was alighting from the front platform of a car of the defendant, if there is nothing to show on what the plaintiff's dress caught or why it caught there, and the accident is not explained further, the plaintiff has failed to sustain the burden which rests on her, and a verdict must be ordered for the defendant.

The doctrine of *res ipsa loquitur* applies only where the accident is such that there is just ground for a reasonable inference that according to ordinary experience it would not have occurred without negligence on the part of the defendant.

TORT for personal injuries alleged to have been sustained by the plaintiff on January 6, 1904, at about six o'clock in the afternoon while she was alighting from a car of the defendant at or near the corner of Tremont Street and Union Park Street in Boston.    Writ dated January 14, 1904.

In the Superior Court the case was tried before *Harris,* J. The plaintiff testified that at the time of the accident she lived at 8 Union Park Street; that she had been shopping and took a closed vestibule car opposite R. H. White's store on Washington Street; that she paid her fare and stood a little way from the front end of the car; that when she got to Union Park Street she went out of the front door of the car, as it was too crowded for her to go out of the rear door.

In regard to the manner in which the accident happened, she testified as follows: "I had to crowd past several to get through the first door, and, as I went to step down, I picked up my dress to escape the mud on the step, and I was caught and fell."    She

further testified that there were four people on the front platform besides the motorman, and that she had her purse and several small bundles in her right hand, and picked her dress up with her left. She wore a short walking skirt of strong material. She testified that after her dress caught she said "don't start the car" as she saw that she was caught firmly, and was afraid that they would start the car and drag her. That some one pulled her toward the car to loosen her dress. She could not say just how long she was on the ground. It seemed "quite a time."

The only other testimony on the question of liability was that of one Miss Adams who was with the plaintiff and said that the car was crowded. She did not see the plaintiff fall and did not know how the accident occurred.

At the close of the plaintiff's case the defendant rested and asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling, and submitted the case to the jury, who found for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*E. P. Saltonstall & S. H. E. Freund*, for the defendant, were not called upon.

*O. Storer*, (*R. H. Benny* with him,) for the plaintiff.

SHELDON, J.    There was no evidence to justify a finding by the jury that the injury to the plaintiff was due to any negligence of the defendant. The car did not start while she was alighting; no act either of omission or of commission by any of the defendant's servants appears to have had anything to do with her fall. There is a total failure of evidence to sustain the burden which rested on the plaintiff. *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572. *Gleason* v. *Worcester Consolidated Street Railway*, 184 Mass. 290.

The plaintiff's counsel contends that from the facts that her dress was caught while she was alighting from the front platform of a somewhat crowded car, there being four other people on this platform beside the motorman, and that she was firmly caught so that some one pulled her toward the car to loosen her dress, the jury might infer that she was caught by something securely attached to the car; that the company or the motorman ought to have known that this thing was so attached to the

car, and so that the vestibule was defective and the company negligent in allowing such a condition of things to exist. But we think that each of these inferences was merely conjectural. Barker, J. in *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290, 291. There are many appliances upon the platform and vestibule of a street car in good condition upon which a dress might be caught without any negligence on the defendant's part. There may be many things, articles of baggage, bundles or boxes, temporarily placed upon a front platform by passengers, without any such negligence. See *Cahn* v. *Manhattan Railway,* 76 N. Y. Supp. 893; *Howell* v. *Union Traction Co.* 202 Penn. St. 338; *Searles* v. *Manhattan Railway,* 101 N. Y. 661. This case is similar to *Jacobs* v. *West End Street Railway,* 178 Mass. 116, 119, in which the plaintiff tripped over something not identified, while alighting from a crowded rear platform; and there being no evidence of any defect in the platform, it was held that she could not maintain any action against the railway company.

Nor does the doctrine of *res ipsa loquitur* help the plaintiff. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. As we have already seen, there is no just ground for a reasonable inference that according to ordinary experience the accident would not have occurred without negligence on the part of the defendant. *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572. *Obertoni* v. *Boston & Maine Railroad,* 186 Mass. 481. *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75.

In our opinion a verdict should have been ordered for the defendant.

*Exceptions sustained.*