LILLIAN R. CARNEY vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   March 5, 6, 1912. — May 25, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Street Railway.   Elevated Railway.   Negligence, Res ipsa loquitur.*

In an action against a corporation operating by electricity a surface railway and also an elevated railway, it appeared that the plaintiff, when travelling as a passenger in an open surface car of the defendant beneath the defendant's elevated structure on which a train was passing, looked up and was struck in the eye by a spark, which could have been found to have been a minute piece of hot iron that fell from the elevated road and was assumed to have been thrown off by the action of the contact shoe of the passing train. *Held,* that on these facts alone, without any evidence that the defendant ought to have foreseen this danger or that there was any practicable method of guarding against the emission of sparks or of preventing their falling to the street which the defendant had failed to adopt, there was no evidence of negligence on the part of the defendant.

SHELDON, J.   The plaintiff was injured while she was riding in an open surface car beneath the defendant's elevated structure. She heard the rumble of an elevated train over her car, "saw the sparks flying," looked up and was struck in the eye by a spark, which could be found to have been a minute piece of hot iron, about as large as the point of a pin, coming from the elevated road, and, as we assume, from the contact shoe of the train which was passing thereon.   The structure was properly in the street and the defendant was authorized to operate its road by electricity.   There was no evidence that it was a frequent occurrence for sparks to fall from its passing trains into the street, or indeed that this had ever before happened.   There was nothing to indicate that the defendant ought to have foreseen this danger and to have guarded against it or given warning of its existence.   There was no evidence that there was any practicable method or device for checking the emission of sparks from its trains or its electrical apparatus, or preventing their fall to the street, which the defendant had failed to adopt.   There was nothing to show any lack of proper care on the part of the defendant in the operation of its trains or cars.

Under these circumstances it is manifest that the cases of *Woodall* v. *Boston Elevated Railway,* 192 Mass. 308, and *Walsh* v. *Boston Elevated Railway,* 192 Mass. 423, cannot help the plaintiff. The ground on which those cases were decided, that there was evidence of an existing danger and of negligence on the part of the defendant in not providing an appliance to prevent the falling of sparks into the street, and in not applying to the railroad commissioners for the approval of a plan to accomplish that object, is lacking here. Either she has chosen, or the facts of the case have compelled her, to rest her claim simply upon the ground that she has been injured by a spark falling on her eye and that this spark came from a train of the defendant lawfully operated upon its elevated railroad.

She contends accordingly that these facts present a case for the application of the doctrine *res ipsa loquitur,* — that negligence of the defendant may be inferred from the bare fact that she has been injured in the manner stated. It is true no doubt that the cause of her injury could be found to have come from the operation of apparatus which had been furnished and applied by the defendant and was wholly under its management and control. *McDonough* v. *Boston Elevated Railway,* 208 Mass. 436. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312, 317. *Miller* v. *Ocean Steamship Co.* 118 N. Y. 199. *Gleeson* v. *Virginia Midland Railroad,* 140 U. S. 435. *Scott* v. *London Dock Co.* 3 H. & C. 596. *Kearney* v. *London, Brighton & South Coast Railway,* L. R. 5 Q. B. 411. But this single circumstance is not always enough. Where as here the cause of the accident has come from the lawful operation by lawful means of an authorized instrumentality, and where any damage or injury that has resulted may have come without any negligence of the defendant, but may have arisen merely as an unavoidable accident from the careful and skilful exercise of its lawful rights in spite of the observance of all proper precautions, there no liability can arise without some affirmative evidence of negligence. In such a case the happening of the accident with the resulting injury is as likely to have come without the fault of the defendant as to have been due to its negligence, and the presumption of fact upon which the doctrine *res ipsa loquitur* is based does not arise; the inference of negligence cannot be drawn without some evidence to support it. *Beattie* v. *Boston Elevated Railway,*

201 Mass. 3, 6. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373. *Thomas* v. *Boston Elevated Railway*, 193 Mass. 438. *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572, 574. *Clare* v. *New York & New England Railroad*, 167 Mass. 39. *Graham* v. *Badger*, 164 Mass. 42, 47. For this reason we recently have held that in the absence of a statutory liability a railroad company is not liable, without evidence of negligence on its part, for damage done by fire caused by sparks from its locomotive engines. *Wallace* v. *New York, New Haven, & Hartford Railroad*, 208 Mass. 16.

For the same reasons, in two cases closely resembling that which is here presented, it was held that no inference of negligence could be drawn from the happening of the accident, and the plaintiff was not allowed to recover. *Searles* v. *Manhattan Railway*, 101 N. Y. 661. *Wiedmer* v. *New York Elevated Railroad*, 114 N. Y. 462. In the last cited case, the court said that the evidence disclosed a single colorless fact, the emission of a coal smaller than a pinhead, and that the rule *res ipsa loquitur* had not been extended far enough to authorize from this fact an inference of actionable negligence.

It is perfectly consistent with the evidence that the defendant has taken all the precautions that were suggested in *Woodall* v. *Boston Elevated Railway*, 192 Mass. 308, or which since have been discovered to be possible. If so, it has not been guilty of negligence. It follows that the judge* at the trial acted rightly in ordering a verdict in its favor.

*Exceptions overruled.*

*W. J. Miller*, for the plaintiff.
*E. P. Saltonstall*, for the defendant.

---

\* *Jenney*, J.