JOHN B. ADDUCI *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 28, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway. *Carrier,* Of passengers.

It is not evidence of negligence on the part of a street railway corporation, that it operated an eight wheeled open passenger car having upon the running board on each side four iron wheel-guards about twelve inches high which extended half the width of the running board, and that a passenger was injured by reason of stepping on one of these guards in alighting from the car, where it also appears that cars of this type had been in common use for more than four years.

While a common carrier of passengers is bound to adopt approved appliances that are in general use and necessary for the safety of passengers, it is not obliged to discard those that always have been found to be adequate and safe merely because they may be a possible source of danger to a passenger who uses them for a purpose for which they were not intended. By DE COURCY, J.

TORT for personal injuries, sustained when the plaintiff was alighting as a passenger from an eight wheeled open street railway car operated by the defendant on Neponset Avenue in that part of Boston called Dorchester, and alleged to have been caused by a dangerous and defective condition of the car. Writ dated July 21, 1911.

In the Superior Court the case was tried before *Hall,* J. At

the close of the plaintiff's evidence, which showed the facts stated in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Graham,* for the plaintiff.

*R. A. Sears & C. S. French,* for the defendant, submitted a brief.

De Courcy, J. The plaintiff was a passenger on an eight wheeled open car. It appears from the testimony and the photographs that on either side and close to the framework were four iron wheel guards, each about twelve inches high, fifteen inches long and extending out upon the running board about half its width, or seven inches. While the plaintiff was in the act of alighting from the car his foot struck the guard that was opposite the end of his seat and he slipped to the ground, receiving the injuries complained of. The car was stationary at the time. The plaintiff does not contend that the evidence discloses any negligence on the part of the defendant aside from the presence of this sheath over the wheel as a part of the permanent construction of the car. It was not in a defective condition, and was in plain sight to every one that got on the running board.

While a common carrier is bound to exercise a high degree of care and diligence in the selection, maintenance, inspection and use of its cars and their appliances, it is not required to provide immediately and regardless of expense every new equipment that human skill and ingenuity devises to prevent accidents. It is bound to adopt approved appliances that are in general use and necessary for the safety of passengers, but it is not obliged to discard those that always have been found to be adequate and safe merely because they may be a possible source of danger to a passenger using them for a purpose for which they were not intended. *Mullen* v. *Springfield Street Railway,* 164 Mass. 450. *Gargan* v. *West End Street Railway,* 176 Mass. 106. *Byron* v. *Lynn & Boston Railroad,* 177 Mass. 303. *Farley* v. *Philadelphia Traction Co.* 132 Penn. St. 58. *Howell* v. *Union Traction Co.* 202 Penn. St. 338. *Werbowlsky* v. *Fort Wayne & Elmwood Railway,* 86 Mich. 236. *Lorimer* v. *St. Paul City Railway,* 48 Minn. 391. *Witsell* v. *West Asheville & Sulphur Springs Railway,* 120 N. C. 557.

In the case at bar the plaintiff's evidence does not go far enough to show any failure of duty on the part of the defendant. Even

disregarding the fact that this was the car of another company, there was no evidence to show that it was customary or even feasible to dispense with the wheel guard at this place, or to provide one that was safer or better than the one actually used; and it affirmatively appeared that cars of this type of construction had been in common use for more than four years. *Carney* v. *Boston Elevated Railway,* 212 Mass. 179. *Spoatea* v. *Berkshire Street Railway,* 212 Mass. 599.

Without considering the issue of the plaintiff's due care, we are of opinion that on the evidence presented the jury would not be warranted in finding negligence on the part of the defendant, and the judge rightly directed a verdict in its favor.

<div align="right">

*Exceptions overruled.*