SOPHIA PERKINS *vs.* BAY STATE STREET RAILWAY COMPANY.

Essex.   January 11, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.   Evidence,* Presumptions and burden of proof.

In an action against a street railway corporation for personal injuries sustained when the plaintiff was a passenger in a car of the defendant by reason of an alleged dangerous construction and arrangement of the iron threshold of the door of the car, where the car was a new one and the plaintiff did not contend that it was in any way out of order, and where the plaintiff was injured by reason of the heel of her boot catching between the iron guides on the threshold, the mere happening of the accident is no evidence in itself of negligence on the part of the defendant, and the burden is on the plaintiff to show by affirmative evidence that the defendant failed to use due care in equipping the car.

The use by a street railway corporation in a semi-convertible car of an iron threshold having guides a quarter of an inch high between which the door of the car slides, such thresholds having been in common use for a number of years on other street railway systems, combined with the fact that a woman passenger in leaving the car caught the heel of her boot between the iron guides and was injured, furnishes no evidence of negligence in an action by such passenger against the corporation for her injuries.

TORT for personal injuries sustained by the plaintiff on October 29, 1912, when the plaintiff was a passenger on a semi-convertible street railway car of the defendant with sliding doors at both ends, by reason of the alleged unsafe condition of the threshold of a door of the car.   Writ dated December 2, 1913.

In the Superior Court the case was tried before *Bell,* J.   It was not contended that the plaintiff was not in the exercise of due care.   At the close of the evidence, which is described in the opinion, the defendant asked the judge to make the following rulings:

"1.   On all the evidence the plaintiff is not entitled to recover.

"2.   There is no evidence of negligence on the part of the defendant, its servants, agents or employees."

The judge refused to make these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,000.   Thereupon the judge reported the case for determination by this court.   If the judge was right in submitting

the case to the jury, there was to be judgment on the verdict; otherwise, judgment for the defendant.

The case was submitted on briefs.

*S. Parsons & H. A. Bowen,* for the defendant.

*W. E. Sisk & R. L. Sisk,* for the plaintiff.

BRALEY, J. It has been repeatedly stated that the duty of a common carrier of passengers whether by land or water is to furnish suitable vehicles or vessels for the safe carriage of travellers with such reasonable accommodations as usually are provided on similar conveyances. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284, 286, 287, and cases cited. 4 R. C. L. Carriers, §§ 524, 586. And where, as in the case at bar, a passenger in the exercise of due care is injured through the alleged negligence of the carrier in not providing safe and sufficient means of transportation, the question is whether that degree of care which prudent competent persons would have used under similar conditions to avoid the occurrence of such accidents has been exercised. *LeBarron* v. *East Boston Ferry Co.* 11 Allen, 312, 315.

It appears from the record that when leaving the car, which was of the semi-convertible type, the plaintiff caught the heel of her boot in the cleats on guides at the iron threshold of the door causing her to be thrown into the vestibule and severely injured. The car was new and no contention is made that it was defective or out of repair, but the plaintiff contends that the construction and arrangement of the threshold were faulty and unsafe. It is to be observed that no part of the car gave way. The mere happening of the accident therefore affords no presumption of negligence, and the burden was on the plaintiff to introduce some affirmative evidence from which the jury could find that the defendant had failed to use due care in the equipment of its railway. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536. *Carney* v. *Boston Elevated Railway,* 212 Mass. 179.

The material facts not in controversy are, that cars of this type having iron thresholds consisting of one casting with a series or row of cleats or guides a quarter of an inch in height above the surface through which the doors ran closing in the centre, had been in common use for a number of years on other street railway systems. And in the absence of proof of information or of reasonable knowledge from experience that injury to passengers

was likely to happen from their use, there is no evidence from which the jury could say the defendant should have foreseen, that, with everything plainly visible, passengers using the thresholds ordinarily might be expected to stumble and fall from contact with the cleats or would be caught "between the cleats and the floor of the car." If the construction was not mechanically improper or defective, and no practicable method having been suggested of guarding against the use of such thresholds in the usual way except to discontinue the use of that kind of car, there was no positive evidence from which negligence could be found. The plaintiff's injury resulted from an accident under circumstances where the defendant had taken every reasonable precaution. *Adduci* v. *Boston Elevated Railway,* 215 Mass. 336, 337, *ad finem.*

The jury should have been instructed that the action could not be maintained, and in accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*