## HELEN O'LEARY v. ST. PAUL CITY RAILWAY COMPANY.[1]

October 19, 1917.

No. 20,510.

**Street railway — verdict not sustained by evidence.**

> Plaintiff was injured while descending the steps of a street car. The evidence is not sufficient to show any defect in the step and a verdict for plaintiff cannot be sustained.

Action in the municipal court of St. Paul to recover $500 for injuries received while alighting from defendant's street car. The case was tried before Boerner, J., and a jury which returned a verdict for $250. From an order denying its motion for a new trial, defendant appealed. Reversed.

*W. D. Dwyer,* for appellant.
*John J. Kirby,* for respondent.

HALLAM, J.
Plaintiff was injured while alighting from one of defendant's street cars. Her claim is that there was a hole in one of the steps large enough to take in the heel of her shoe, that as she descended the steps of the car her heel caught in this hole, and that as a result the heel was torn from the shoe and she was thrown down. The jury found for plaintiff. From an order denying a new trial defendant appealed.

There is no doubt that plaintiff was thrown or fell. There is no doubt that the heel of her shoe was later found and the fair inference

[1]Reported in 164 N. W. 659.

is that it was somehow caught and torn from her shoe. The one claim of negligence is that there was a hole in the step. If there was a hole in the step large enough to take in the heel of a shoe and the heel was caught in such a hole, this was proof of negligence on the part of defendant. But here we think the proof fails. The steps of this car were of the usual construction, made of iron and steel, with perforations five-eighths of an inch across, not quite large enough to admit an ordinary penny. There is no question that this was a proper construction. A hole large enough to take in the heel of a shoe would be relatively much larger, noticeably larger. There is no substantial evidence that there was any such hole. On this point there is no evidence on behalf of plaintiff other than that of plaintiff herself. At first she testified that "it appeared there was a hole there and the heel went down into it," and that a bystander pulled the heel out of the step and handed it to her. Once she said she tried to get the heel out herself, yet she gives no evidence as to the nature of the hole in the step. She said she "didn't see the hole in the step" and "didn't notice the condition of the steps in particular." In other words, there is no evidence that there was any hole or defect in the step, unless it may be inferred from the fact that the heel was somehow caught. The heel was not produced. Whether it was defective or worn does not appear. The fact that the heel was torn from the shoe does not prove a defect in the step. Heels are often torn from shoes from other causes. Plaintiff's evidence leaves the cause in the realm of conjecture. On the other hand, there are witnesses in considerable number who testified they examined the step and that it was in perfect condition. Some of these were employees of defendant. Some were not.

In this state of the record we are compelled to hold that there is not sufficient evidence as to a defect in the step to sustain the verdict.

Order reversed and new trial granted.