Minnie Kerr & another *vs.* Worcester Consolidated Street Railway Company.
William P. Kerr *vs.* Same.

Worcester. October 1, 1917. — October 20, 1917.

Present: Rugg, C. J., Braley, De Courcy, & Pierce, JJ.

*Negligence,* Street railway.

In an action by a woman against a street railway corporation for personal injuries sustained in alighting from a car of the defendant in which the plaintiff was a passenger, where the plaintiff testifies that as she was alighting from the car the heels of both her shoes came off, having got caught in the step of the car, but there is nothing to show either the character or the condition of the step, there is no evidence of negligence for submission to the jury.

Two ACTIONS OF TORT, the first by a married woman for personal injuries sustained by her on June 4, 1915, when she was alighting as a passenger from a car of the defendant, and alleged to have been caused by the defective and improper condition of the step of the car, and the second action by the husband of the plaintiff in the first case for expenses incurred by reason of such injuries to his wife. Writs dated August 19, 1915.

The cases were tried together before *O'Connell,* J. The plaintiff in the first case testified that on June 4, 1915, late in the evening she took a car of the defendant to go to her home on Canterbury Street in Worcester, and that the car stopped just before it got to Grand Street. This plaintiff described the accident as follows: "I alighted, and when I stepped down my heel got caught in the step — it took the two heels off and I fell to the ground. . . . It got caught on the step and I slid right on the ground and my back struck the step." This plaintiff also testified that she did not look back to see what it was that caught in the heel; she stepped squarely

on the step; she did not step on the edge of the step.  The car in which she was travelling on the night of the accident was a closed car with long seats on the side; it was an old car.  She " did not remember the particular kind of a step on the car; she did not examine the car to see what had caught her heel."

At the close of the testimony introduced by the plaintiffs, the judge ordered a verdict for the defendant in each of the cases; and the plaintiffs alleged exceptions.

The cases were submitted on briefs.

*W. C. Foley,* for the plaintiffs.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

BY THE COURT.  The female plaintiff testified that, as she was alighting from a car of the defendant, the heels of both her shoes came off, having got caught in the step.  There was no evidence as to the kind of step on the car or as to its condition.  Plainly there is nothing in the record to indicate negligence on the part of the defendant or those for whose conduct it was responsible. *Thomas* v. *Boston Elevated Railway,* 193 Mass. 438.  *Perkins* v. *Bay State Street Railway,* 223 Mass. 235.

*Exceptions overruled.*