MARY CALVERT, Appellant, v. DES MOINES CITY RAILWAY COMPANY, Appellee.

NEGLIGENCE: Res Ipsa Loquitur. The maxim *"res ipsa loquitur"* simply means that "the thing or affair speaks for itself," and,

so speaking, authorizes the presumption of negligence, in the absence of a showing to the contrary. Applied where a passenger, in passing out of a car, was thrown and injured, by the catching of her clothing on some projection near the door.

*Appeal from Polk District Court.*—HUBERT UTTERBACK. Judge.

DECEMBER 14, 1918.

ACTION to recover damages claimed to have been caused by the catching of plaintiff's dress skirt upon a defective bar or obstruction on the floor of one of defendant's cars, while she was engaged in alighting therefrom. At the close of plaintiff's evidence, there was a directed verdict in favor of the defendant, and plaintiff appeals.—*Reversed.*

*Wm. G. Clark* and *F. L. Groesbeck,* for appellant.

*W. H. McHenry,* for appellee.

STEVENS, J.—Plaintiff was injured while attempting to alight from one of defendant's cars. In describing the accident, plaintiff testified:

"At the point of getting off, I rung a bell. The car stopped at the usual place. Conductor opened the door and stood, and when I went to step off, and as I put my foot down to the step, it seemed like my dress caught tight around my ankle, as I was going to put my foot down, and it held me back for a minute, and then it seemed to loosen quick, and pitched me forward off the platform onto the ground. Q. What did the dress catch on, if you know? A. On the plate, coming out of the car door. There is an iron bar or something goes along there. I hadn't got hold of the handhold yet. I was about to take hold of it, but had not got hold yet. I was about to take hold of it but had not got hold of it. At the time I first felt my skirt caught, I was going to step off the platform—off the step. My skirt

caught around my left ankle. That is the foot I was putting out to step onto the step; and then, of course, it was caught tight around my ankle for just a minute, or second; and then I pitched forward. I was in motion to get onto the step. Exhibit A is the dress skirt that I wore at the time the accident happened to me. The opening where the hooks are, came on the side, as I was wearing the dress. The tear or rent in the back was made at the time; that is what threw me off. That is where it caught."

Upon cross-examination, she testified that she glanced back over her shoulder, and saw that her skirt was caught on something; but, when pressed to state upon what it was caught, she apparently was unable to do so. She admitted that she did not see a nail or screw projecting above the car step or floor, and could not tell more definitely than appears from the above statement upon what her skirt caught. Her testimony in chief was very much weakened by the cross-examination, but we are not inclined to hold that it did not present a question of fact for the jury. If there was no defect in the car, defendant was in a position to prove that fact. While it was suggested by counsel for appellee, when cross-examining plaintiff, that some-one may have stepped, or stood, upon her skirt, plaintiff did not so testify. Many cases are cited and reviewed by counsel, but we do not regard the holding of any of them as controlling in this case. *Gulf, C. & S. F. R. Co. v. Davis,* (Tex.) 161 S. W. 932; *O'Leary v. St. Paul City R. Co.,* 138 Minn. 163 (164 N. W. 659) ; *Gardner v. Chicago & M. Elec. R. Co.,* 164 Wis. 541 (159 N. W. 1066), were all submitted to the jury by the lower court, and verdicts were returned in favor of plaintiff. In each of the cases, the defendant offered evidence from which the conclusion that it was not negligent was inevitable, and the judgment of the court below was reversed. The facts of *Thomas v. Boston Elev. R. Co.,* 193 Mass. 438 (79 N. E. 749), sufficiently distinguish

it from the case at bar. Plaintiff testified in chief that her skirt caught on a part of the car that it may be assumed would, ordinarily, be safe; and the fact that she was unable to testify to the presence of a nail, screw, or other obstruction upon the floor or step of the car, or to definitely point out the defect, if any, in the iron bar, is not conclusive against her. Large numbers of passengers alight, evidently in safety, from defendant's cars; and we think enough was shown to cast the burden upon the defendant to show that the injury was not caused by its negligence.

It is not necessary for us to define or discuss at length the doctrine of *res ipsa loquitur*. The rule is familiar, and the only difficulty is encountered in its application; but see *Weber v. Chicago, R. I. & P. R. Co.*, 175 Iowa 358, 359, and *Basham v. Chicago G. W. R. Co.*, 178 Iowa 998.

We cannot say, as a matter of law, that plaintiff's testimony in chief, that her skirt caught on the iron bar referred to, was so completely discredited by the cross-examination as to leave no question of fact for the jury. It is our conclusion, therefore, that the judgment of the court below should be, and it is,—*Reversed*.

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.