SARAH A. GATCHELL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. January 12, 1921. — March 10, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* Street railway.

At the trial of an action against a street railway company for personal injuries caused by a fall when the plaintiff was alighting from a street car at a station in a subway, there was evidence tending to show that the plaintiff was a woman

fifty-three years of age, that the street car was a "tall, long, old fashioned pre-payment car with high steps," that the plaintiff, holding in her arms her grandchild, three years of age, who was shaking with cold and crying, started to alight after all except one of the passengers, few in number, had done so and passed in front of the conductor who was standing in the rear of the car, that the conductor "made no attempt to assist her although it was apparent he should. The result was she fell." There was no evidence of any rule or practice imposing upon the conductor a duty to assist passengers while alighting. *Held,* that there was no evidence warranting a finding for the plaintiff.

Tort for personal injuries received when the plaintiff fell as she was alighting from a street car of the defendant at the Scollay Square station in the subway in Boston. Writ dated March 27, 1918.

In the Superior Court, the action was tried before *Irwin, J.* Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendant; and the plaintiff alleged exceptions.

*E. H. Savary,* for the plaintiff.

*J. T. Hughes,* for the defendant.

Jenney, J. On January 20, 1918, the plaintiff, fifty-three years old, was a passenger of the defendant in a "tall, long, old fashioned pre-payment car with high steps." She had with her her grandchild of three. As the plaintiff was alighting from the car in the subway station in Boston at Scollay Square, she held in her arms the child, who was shaking with cold and crying. When she started to alight, the passengers, few in number, had already left the car, except possibly one. The conductor was standing in the rear of the car, and she passed him before her accident. "When she stepped on to the steps [of the car] she slipped and that is all she knew. She went face forward right down in the dirt." From her slipping and consequent fall, she suffered injury the extent of which is not now material.

The trial judge ordered a verdict for the defendant. The plaintiff urges that this ruling was wrong because, as is stated in her brief, the conductor "made no attempt to assist her although it was apparent he should. The result was she fell." No other negligence is claimed. The plaintiff does not rely on any improper construction or condition of the car. The fact that she slipped and fell did not entitle her to go to the jury. See *Hotenbrink* v. *Boston Elevated Railway,* 211 Mass. 77.

It did not appear that there was any rule or practice imposing a duty on the conductor to assist passengers while alighting. The age of the child indicates that it was able to stand and walk. The car was not crowded; and nothing appears to show any reason why the child could not have been placed upon the platform until the grandmother had alighted, when she could have readily removed the child from the car. No request for assistance was made. From the record it must be assumed that the steps did not vary in height from those commonly employed.

The verdict was ordered rightly. There was no evidence of negligence in the construction or operation of the car; and the failure of the conductor to assist the plaintiff did not constitute negligence on his part. · *Moody* v. *Boston & Maine Railroad,* 189 Mass. 277. *Hawes* v. *Boston Elevated Railway,* 192 Mass. 324. *Jarmy* v. *Duluth Street Railway,* 55 Minn. 271. *Selby* v. *Detroit Railway,* 122 Mich. 311. So far as appears, the plaintiff was not sick, infirm or disabled. There was no unusual danger arising because of the condition of the car or the place. Under the disclosed circumstances, the stepping from the uncrowded car with the child in her arms was a voluntary act as distinguished from one necessarily performed in alighting, and the failure to render assistance was not negligence.

*Exceptions overruled.*