JANE KINNARNEY vs. MILFORD AND UXBRIDGE STREET
RAILWAY COMPANY.

ANDREW J. KINNARNEY vs. SAME.

Middlesex.   October 18, 1921. — March 14, 1922.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Negligence*, Street railway, *Res ipsa loquitur*.  *Evidence*, Inference.

At the trial of an action by a woman against a street railway company for personal
injuries caused by her falling under a street car from which she was alighting in
a rural district, the plaintiff's contention of negligence was founded wholly on an
alleged failure of the defendant to provide a car with a running board placed at a
reasonable distance from the ground, and the only evidence favorable to the
plaintiff upon that contention was testimony of an expert.   It appeared that
the distance from the running board from which the plaintiff alighted to the top
of the rail was twenty inches, and there was uncontradicted evidence that,
"owing to the fact that there was a slight rise in the highway from the rail to-
ward the middle of the street, the distance from the running board to the highway
at the point of the accident was eighteen inches."   The plaintiff's expert testified
that it was "practically possible to have lowered the running board" of the
street car, that in 1915 he had under his supervision as foreman in the employ
of the Boston Elevated Railway Company no car where the running board
measured more than seventeen inches above the track.   He did not indicate how
much lower the running board could have been made with safety on the car
from which the plaintiff alighted, or upon any car of that type.   *Held*, that
   (1) Negligence was not inferable from the accident;
   (2) It was not a matter of common knowledge, but was wholly conjectural how
much the running board on the car in question could have been lowered with
safety to the public;
   (3) The evidence was insufficient to warrant a finding that there was negli-
gence in the maintenance of the running board.

TWO ACTIONS OF TORT, the first action being for personal in-
juries received by reason of a fall of the plaintiff as she was alight-
ing from a street car of the defendant in Framingham on June 13,
1915, and the second action being by the husband of the plaintiff
in the first action for consequential damages.   Writs dated re-
spectively April 10 and May 9, 1916.

The cause of the female plaintiff's injury alleged in the declara-
tion was a "failure on the part of said defendant corporation to
properly equip said car with suitable steps by which to enter and
leave said cars, and . . . failure of said defendant corporation

to maintain said steps or running board on said car at a reasonable distance from the floor of said car, and above the ground, which condition was suffered to be and to remain by the defendant's negligence."

In the Superior Court, the actions were tried together before *Hitchcock*, J. Material evidence is described in the opinion. The presiding judge denied a motion by the defendant that a verdict be ordered in its favor and refused the following rulings, asked for by the defendant:

"1. Upon all the evidence, the plaintiff cannot recover, and the verdict must be for the defendant.

"2. Upon all the evidence, the plaintiff was not in the exercise of due care, and the verdict must be for the defendant.

"3. There is no evidence of negligence on the part of the defendant, its servants or agents, and the verdict must be. for the defendant.

"4. The plaintiff can recover in this case only by proving that the defendant failed to equip the car with suitable steps or running boards at a reasonable distance from the floor of the car and above the ground, and was negligent in this.

"5. If the jury find that the steps or running boards on the car in question were of a character and height in common use at the time of the accident, there is no negligence on the part of the defendant and the plaintiff cannot recover."

The jury answered special questions propounded to them by the judge as follows:

"1. Did the plaintiff, Jane Kinnarney, get off the car before it came to a full stop?" Answer: "No."

"2. Was the plaintiff, Jane Kinnarney, careless or negligent in the way she got off the car?" Answer: "No."

"3. Was the injury to the plaintiff, Jane Kinnarney, due exclusively to height of the running board of the car above the level of the ground?" Answer: "Yes."

"4. Did the defendant negligently fail to equip the car on which the plaintiff, Jane Kinnarney, was riding with suitable running boards at a reasonable distance from the floor of the car and above the ground?" Answer: "Yes."

The jury found for the plaintiff in the first action in the sum of $1,000; and for the plaintiff in the second action in the sum of

$250; and the defendant alleged exceptions, which, after the death of *Hitchcock*, J., were allowed by *White*, J.

The case was submitted on briefs.

*W. Williams & S. D. Vincent*, for the defendant.

*J. E. Swift & B. A. Brickley*, for the plaintiffs.

JENNEY, J.   These are two actions of tort.   In one, Jane Kinnarney, hereinafter called the plaintiff, sues for personal injuries received by her while alighting from a car of the defendant. Andrew J. Kinnarney, her husband, brings the second action to recover consequential damages caused by her injuries.

On June 13, 1915, the plaintiff, who was a passenger in an open car of the defendant, requested the conductor to stop at a crossing over a railroad track for the purpose of permitting her to alight, and the car came to a stop at the designated place.   On direct examination, the plaintiff's story of her accident was as follows: "When the car came to the stop I started to get off the car and put my right foot on to the step and went to step down and the distance was so great that my foot didn't reach it and I went in under and fell right in under on this side (indicating).   Q. 'How high would you say the running board of the car was from the ground?' . . . A. 'Well, I don't know, I should say pretty near two feet, I couldn't tell, I know I couldn't reach the street, or any foundation, and I can step quite a distance, but I couldn't reach it.' — Q. 'What can you tell the jury in reference to light or darkness at that time?' A. 'It was dusk, quite dark at the time.'" Upon cross-examination she testified that the night was bright; that she had travelled on the defendant's railway "maybe four or five times a year;" and that she was familiar with its cars.

The car was "a double truck, fifteen-bench, open car, . . . and had been owned by the defendant . . . for thirteen years." It had stationary running boards, the distance from the floor of the car to the running board being seventeen and one half inches, and twenty inches from the running board to the top of the rail.   There was uncontradicted evidence that at the place of the accident "owing to the fact that there was a slight rise in the highway from the rail toward the middle of the street, the distance from the running board to the highway at the point of the accident was eighteen inches."   The defendant's superintendent, called in behalf of the plaintiff, testified that from an operating and practical

standpoint the running board on that car could not have been lowered. He also testified that cars of this same type with steps and running board of the height of those in this car were used at the time of the injury on substantially all street railways in New England, that it was a standard car with the running boards as made by the manufacturer, and that at the time of the accident practically all the street railways of any importance in New England which operated that type of car used running boards of the same height or distance. But there was testimony by an expert called for the plaintiff that it was "practically possible to have lowered the running board." Another expert called by the defendant testified that running boards of the height of twenty inches above the rail and seventeen and one half inches from the car floor were in common and general use, and gave details of such use.

The bill of exceptions does not state that it contains all the evidence material to the questions involved, but both parties have argued the case on that assumption and it is so considered.

It is assumed that the special finding of the jury that the plaintiff was in the exercise of due care ought to stand.

The plaintiff's contention of negligence is wholly founded on the failure, as she claims, of the defendant to provide a car with a running board placed at a reasonable distance from the ground.

Negligence in a case like this is not inferable from the accident. *Carney* v. *Boston Elevated Railway*, 212 Mass. 179. *Perkins* v. *Bay State Street Railway*, 223 Mass. 235. *Gatchell* v. *Boston Elevated Railway*, 238 Mass. 185.

Apart from the testimony given by an expert, there was no evidence upon which a finding of negligence could be made in the manner in which the car had been constructed, maintained or used. While this witness testified that the running board could have been lowered, he did not indicate how much lower it could have been made with safety on the car from which the plaintiff alighted, or indeed upon any car of that type. He testified that he had in 1915, under his supervision as foreman in the employ of the Boston Elevated Railway Company, no car where the running board measured over seventeen inches above the track; but it did not appear that the running board of the car in which the plaintiff was a passenger could have been lowered to that extent, or that if so lowered the car could have been used safely.

It was not a matter of common knowledge, but wholly of conjecture as to how much the running board could have been lowered with safety to the public. No legitimate argument can be based upon the fact that in Boston cars were used whose running boards were three inches lower than that of the defendant's car. The difference in conditions of operation between urban and country districts may have rendered a height practicable in one district dangerous in another. Presumably the car was equipped with handles adapted for use in getting upon and off the car. We think that the evidence was insufficient to warrant a finding that there was negligence in the maintenance of the running board. *Perkins* v. *Bay State Street Railway, supra. Aducci* v. *Boston Elevated Railway,* 215 Mass. 336. The exceptions of the defendant to the refusals to direct verdicts in its favor must be sustained, and in accordance with St. 1909, c. 236, § 1 (see now G. L. c. 231, § 122), judgments entered for the defendant.

*So ordered.*