CHARLES POULOS vs. ELI H. LABBEE.

SAME vs. FRANK BEAULIEU.

Middlesex.    May 14, 1935. — May 17, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence*, Taxicab.

The evidence warranted a finding of negligence on the part of the owner and operator of a taxicab toward a passenger therein who was injured through falling when he caught his foot in a hole in the carpet on the floor of the taxicab while alighting from it.

TWO ACTIONS OF TORT. Writs dated July 21, 1933, and May 29, 1933, respectively.

The actions were tried together in the Superior Court before *Qua*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in his favor. There was a verdict for the plaintiff in each action in the sum of $1,091. The defendants alleged exceptions.

*E. J. Sullivan*, for the defendants.

*J. H. Gilbride*, for the plaintiff.

BY THE COURT. In these actions, one against the owner of a taxicab and the other against its operator, the plaintiff seeks to recover compensation for personal injuries received by him through the alleged negligence of the defendants in the care of the taxicab, in which he was a passenger. There was evidence from a companion of the plaintiff that he got into the taxicab, and saw a carpet on its floor worn out and torn in one place in the center; that later as the plaintiff tried to alight from the taxicab he tripped and fell and was injured. The plaintiff testified that as he started to get out of the taxicab his foot caught in something that gave way and he tripped and fell to the sidewalk. The cause of action on which the plaintiff relied was that he caught his foot in a hole in the carpet which he had not

seen. The instructions limited the plaintiff's right of recovery solely to that cause of action.

The plaintiff was a passenger for hire. The defendants were bound to use reasonable care with respect to his conveyance. The description of the carpet of the taxicab warranted an inference that its condition had existed for a sufficient length of time to come to the attention of the defendants and to be remedied. It was a question of fact whether the defendants fulfilled the obligation imposed on them by law in all the circumstances. *Dion* v. *Drapeau,* 254 Mass. 186. *Mitchell* v. *Lonergan,* 285 Mass. 266. *Foley* v. *O'Flynn,* 288 Mass. 504. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346. *Toland* v. *Paine Furniture Co.* 175 Mass. 476.

*Exceptions overruled.*