ISABEL F. ROGERS *vs.* CAMBRIDGE TAXI COMPANY
(and a companion case [1]).

Middlesex.    January 3, 1945. — February 1, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Negligence*, Taxicab, Motor vehicle.

The standard of care required to be exercised by the proprietor of a taxicab toward his passengers does not oblige him to foresee the apparently impossible or the highly improbable.

Evidence of the nature of an ash tray, having a cover fitted with a spring, set into an arm rest beside the end of a seat in a taxicab in a position where passengers would not be expected to sit upon it, did not warrant a finding of negligence of the proprietor of the taxicab toward a passenger who, entering the cab when its interior was unlighted, sat upon the ash tray and was injured.

TWO ACTIONS OF TORT. Writs in the Third District Court of Eastern Middlesex dated October 1 and November 16, 1942.

---

[1] The companion case is by Maurice P. Rogers against the same defendant.

On removal to the Superior Court, the actions were tried before *Dowd, J.*

*S. H. Lewis,* (*H. L. Barrett* with him,) for the plaintiffs.

The defendant was not called on.

QUA, J.    The first action is for personal injury.    The second action is by the husband of the plaintiff in the first action to recover consequential damages.    The trial judge directed verdicts for the defendant.

The accident occurred on August 1, 1942, shortly after midnight.    The plaintiff in the first action, hereinafter called the plaintiff, and her husband, together with a man named Tucker and his wife, were entering a taxicab operated by an agent of the defendant at Central Square in Cambridge.    The plaintiff testified to this effect:    The party of four approached the cab from its left side.    The "dim-out" was in force.    There were no lights there, and the inside of the cab was dark.    There was no light in it.    The plaintiff entered first, walked "as far as she could to the right, judging the seat by where the window was, and sat down."    When she sat down she felt something very sharp, piercing, and painful at the base of her spine and heard a clicking noise.    She had sat upon an ash tray on an arm rest.    The ash tray had a cover about an inch wide and four inches long with "a square knob about one and one half inches to an inch in diameter."    She had sat "on one of the corners of the knob."    It felt as though the ash tray was open and had closed.    The plaintiff knew that some automobiles had arm rests and had seen ash trays located on them.    Her object was to get as far over on the right side of the taxicab as she could.    She did not expect there would be an arm rest or an ash tray and made no allowance for any.    It was agreed that when the cab was taken out that night there was no light in it.

Two photographs are documents in the case of high significance.    They show the arm rest adjacent to the right side of the cab at the end of the rear seat.    The front end of the arm rest drops perpendicularly for a distance which appears to be three or four inches and then curves forward and slightly downward and then steeply downward.    The

ash tray is set into the arm rest or its prolongation just below the first drop and at a point where it slopes only slightly downward. When the cover is closed it is even with the surface of the arm rest. When it is open it goes back against the first drop of the arm rest. It is not as wide as the arm rest and does not project laterally beyond it. The "knob" on the cover, if it can be called a knob, is generally flat with rounded edges. It has no sharp corners and projects but little above the surface of the cover. The edges of the cover itself are turned over slightly.

We do not think that the ash tray cover could be found to be a defect in the taxicab for which the defendant is liable. It appears to have been of a type and in a location now familiar in many motor vehicles. It was not in a position where a passenger would naturally sit upon it. When closed it must have been harmless. When open it was up against the front of the perpendicular portion of the arm rest where it seems almost impossible for anyone to sit upon it. If it was half open possibly a person sitting far forward on the arm rest next to the door might come in contact with it, but passengers were not expected to sit in that position. The cover appears to have been fitted with a spring. Whether or not it would remain half open does not appear. There is no evidence that it was out of order. In our opinion the ash tray and its cover must be classed with a great many other fixtures, projections, surfaces, corners, and edges found in vehicles and elsewhere upon which it is possible to get hurt but from which injury is not to be anticipated. It seems little if any more dangerous than the handle of a door, the catch of a window, or the edge of the glass. The accident in this case was unique. It seems to have been due primarily to the crowding of the seat and not to the method of construction. It seems to us that to hold the defendant liable would be to establish an unreasonable standard of perfection rather than to enforce the recognized standard of due care, even the care due from a common carrier, if the defendant was such. See *Finnegan v. Checker Taxi Co.* 300 Mass. 62, 68. The defendant was not obliged to foresee the apparently impossible or the

highly improbable. *Intriligator* v. *Goldberg*, 299 Mass. 333, 335. Cases of a similar character are *Perkins* v. *Bay State Street Railway*, 223 Mass. 235, *Adduci* v. *Boston Elevated Railway*, 215 Mass. 336, *Coleman* v. *Boston Elevated Railway*, 249 Mass. 155, *Mulry* v. *Boston Elevated Railway*, 278 Mass. 210, and *Bannister* v. *Berkshire Street Railway*, 301 Mass. 598. There was no such defect as could have been found in *Kingman* v. *Lynn & Boston Railroad*, 181 Mass. 387, *Martin* v. *Old Colony Street Railway*, 211 Mass. 535, and *Poulos* v. *Labbee*, 291 Mass. 107.

In our opinion the absence of a light inside the taxicab does not materially alter the case. Ordinarily such a light is not necessary to enable a passenger to take his seat safely in an automobile, and there was nothing about the automobile that made it necessary in this case.

Since there was no evidence of the defendant's negligence, verdicts were rightly directed in its favor.

*Exceptions overruled.*