CLAUDIA GREENFIELD & another *vs.* ABNER L. FREEDMAN.

Norfolk.    November 6, 1951. — January 9, 1952.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Negligence*, Store, Piled leaves.

Evidence did not warrant a finding that a storekeeper was negligent in failing to warn a woman customer on his premises in October that the edges of outdoor walks thereon had edgestones and were covered by leaves, or, having furnished paths in the walks clear of leaves to a suitable width for her use, in failing to clear the leaves from the entire width of the walks or to anticipate that she would "cut through the heaped-up leaves" near the junction of the edges of two walks as she was doing when her foot struck something hard under the leaves and she fell.

TORT.    Writ in the Superior Court dated December 4, 1947.

The action was tried before *Beaudreau*, J.

*R. B. Coulter*, (*P. S. Ratzkoff* with him,) for the defendant.

*F. J. Monahan*, (*D. H. Gordon* with him,) for the plaintiffs.

RONAN, J.    This is an action of tort seeking in one count to recover for personal injuries sustained by the female plaintiff when she fell on the defendant's premises and seeking in another count consequential damages by her husband.    The jury returned a verdict for each plaintiff.    The defendant excepted to the denial of his motion to enter verdicts in accordance with leave reserved.

The defendant conducted a decorating studio in which he sold furniture in the front of the first floor of a building. There was a show window on either side of the entrance. The building set back eighteen to twenty feet from the public sidewalk. A concrete walk led from the sidewalk to the entrance, and as this center walk approached the entrance it was flanked on either side by a short walk which extended from the center walk beyond and in front of each show window. The female plaintiff, hereinafter called the plaintiff, entered the store by means of the center walk leading from the street. It was shortly after sunset upon a pleasant October afternoon. She had no difficulty in seeing the surface condition of the defendant's premises. As she travelled along the center walk from the street she noticed that, with the exception of a few scattered leaves, there was a clear space two to three feet wide along the middle of this walk and that upon both sides of this clearing leaves were piled up ten to twelve inches high. She also observed the walk in front of each window. She could not see whether there was any edgestone or brick edging by the outer edges of any of these walks. She left the store after a short visit and went to her right a few steps to look at the articles in that window. She saw that there was a clear path about a foot and one half wide along the middle of that walk and that leaves tapered up from the street edge of this clearing to ten inches in height. She left the window, turned around, walked back at a slight diagonal, and "cut through the heaped-up leaves," intending to reach the center walk and to go along that walk to the street, when her foot struck something hard under the "heaped-up leaves" in the vicinity of where the outer edges of side and center walks met and she was thrown down.

There were two large trees on the street in front of the store. The branches of one of them extended almost to the store. There were other trees close by in the street. There had been a heavy shedding of leaves.

The plaintiff entered the store to inspect the goods which

were exhibited for sale and, as she testified, to purchase a particular article which it turned out the defendant did not have in stock. She was a business visitor of the defendant not only while in the store but also while looking in the window and in fact while entering and leaving his premises along the walks designated for the use of his customers. The storekeeper was obliged to exercise reasonable care to keep in a safe condition that part of his premises to which customers were invited or at least to warn them against any dangers, not known to them nor obvious to an ordinarily intelligent person, which were either known or ought to have been known to the storekeeper. *Kelley* v. *Goldberg,* 288 Mass. 79. · *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass. 608. *Rouillard* v. *Canadian Klondike Club, Inc.* 316 Mass. 11. *Tetrault* v. *Ghibellini,* 316 Mass. 477. *Staples* v. *Pond Club, Inc.* 319 Mass. 238.

. There was no evidence that the center walk and the short walk in front of the window were not properly constructed or that they contained any defect or were out of repair. If they had an edgestone by their outer edge, as the husband's testimony seemed to indicate there was, where his wife fell, there was nothing whatever to show that the edgestone was not of such usual type of construction that no warning from the defendant was necessary to apprise her that the walks had an edgestone like many other walks. *Hunnewell* v. *Haskell,* 174 Mass. 557. *Adduci* v. *Boston Elevated Railway,* 215 Mass. 336. *Perkins* v. *Bay State Street Railway,* 223 Mass. 235. *Coleman* v. *Boston Elevated Railway,* 249 Mass. 155.

The plaintiff knew from the exposed parts of both walks that the walk by the window joined the center walk. It was not unlikely that the outer edge of the walk by the window was covered by leaves as were the edges of the center walk. A warning by the defendant that the edges of the walks were covered by leaves would only confirm what an ordinarily intelligent person would reasonably suspect. The plaintiff had entered and left the store and had gone to the window over the center walk and the short walk in front

of the window where the middle portions of both walks were open and obvious and almost bare of leaves. She had no difficulty in travelling along these parts of the walks. They were adequate and safe for her use. The defendant was not required to furnish more extensive and wider means of ingress and egress. Neither was there anything in the appearance that invited her to leave the middle path of either walk and to travel over parts that were covered with leaves. The leaves were not shown to have been wet or slippery and were not an active factor in causing the accident. They did not constitute a defect. See *Osborne* v. *North Tarrytown*, 180 App. Div. (N. Y.) 224. At most their presence was transitory. See *Whittaker* v. *Bent*, 167 Mass. 588; *Kralik* v. *LeClair*, 315 Mass. 323. If we assume that the defendant knew or ought to have known that leaves had fallen and remained upon the walks, we do not think that, an area suitable for the use of customers having been furnished by the defendant, he was also obliged constantly to keep the whole width of the walks free from all leaves which the evidence tended to show were falling thickly upon his premises.

Failure to warn the plaintiff that the outer portions of the walks, including their outside edges, were covered with leaves was not evidence of negligence. Neither do we think that he should have reasonably anticipated that the plaintiff would cut across diagonally through the leaves from one walk to another. To impose liability upon the defendant in these circumstances "would be to establish an unreasonable standard of perfection rather than to enforce the recognized standard of due care." *Rogers* v. *Cambridge Taxi Co.* 317 Mass. 578, 580. See *Towne* v. *Waltham Watch Co.* 247 Mass. 390; *Gagnon* v. *DiVittorio*, 310 Mass. 475; *Marengo* v. *Roy*, 318 Mass. 719; *Shaner* v. *Imperial Motor Sales, Inc.* 323 Mass. 755; *MacGillivray* v. *First National Stores Inc.* 326 Mass. 678.

*Exceptions sustained.*
*Judgments for the defendant.*