ROSE GAGNON *vs.* ROCCO DiVITTORIO.

ARMAND GAGNON *vs.* SAME.

Worcester.    September 23, 1941. — December 31, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle.

A finding of negligence of the operator of a motor truck was not warranted in the circumstances by evidence that, after he from his driver's seat had delivered merchandise to a customer at the left side of the truck and had started the truck forward, an empty sleeve of a coat of the customer, without the operator's knowledge, had brushed against the truck and had been caught and the customer had been dragged a truck's length without any part of the truck touching her.

Two ACTIONS OF TORT. Writs in the Central District Court of Worcester dated March 10 and May 8, 1939, respectively.

On removal to the Superior Court, the cases were tried together before *Dillon,* J., and verdicts were returned for the plaintiffs in the sums of $1,000 and $100, respectively.

*C. W. Proctor,* for the defendant.

*C. M. Burwick,* for the plaintiffs.

DOLAN, J. These are two actions of tort, the first being brought to recover for personal injuries, and the second for consequential damages. The cases were tried to a jury and at the close of the evidence the defendant moved for a directed verdict in his favor in each case. The motions were denied subject to the defendant's exceptions, and the jury returned a verdict in each case for the plaintiff.

The evidence in its aspect most favorable to the plaintiffs would warrant the jury in finding the following facts: Rose Gagnon, hereinafter referred to as the plaintiff, was living with her husband at 41 Vine Street in Milford, in this Commonwealth, at the time of the accident. Vine Street runs north and south and the plaintiff's house faced westerly on that street.

On January 13, 1939, the defendant, a baker, who had been delivering bread to the plaintiff for about a year, drove his truck, a "panel job," which was headed north, and stopped with the right side of the truck close to a fence in front of the plaintiff's house. He stopped "closer than usual" to the fence. When the plaintiff saw the defendant she put her coat over her shoulders buttoning it by a single button at the neck. She "did not put her arms in the sleeves." She went around the back of the truck and by its left side to the driver's seat. "She had been to the left side on other occasions." The defendant remained in the truck. The plaintiff told him what she needed, and he said that he was late that morning and that he was in a little hurry and asked her if "she 'could make it a little faster' and she said that she would." "As a rule . . . [the plaintiff] paid him about once a week and he marked the bread in his book." He handed her a loaf of bread. She

turned around and as she did so saw a "car" coming down the street on her right so she stayed close to the truck. The wind was blowing the sleeves of her coat a little bit. Because of that she "was brushing the truck." Her sleeve was against the truck when the defendant started up "fast." She had taken two or three steps. She "tried to get hold of her sleeve but she couldn't . . . ." "The sleeve of her coat was blowing a little ways." She knew that the sleeves were flapping. The cuff of her left sleeve got caught in some part of the truck, "she couldn't tell what part," but it was "either the bumper, the tail light, or the number plate." She did not go far away from the truck because she was afraid of the other vehicle. There was, however, a space between the truck and the approaching vehicle of six and one half feet. She "supposed" there was ample room for her to stand. When the "inside of her cuff" caught on the truck she fell, and was dragged about a truck length before the cuff broke off. Her hand was not caught. At this time the defendant was operating the truck at a speed of about fifteen miles an hour. The defendant did not see the accident, but hearing her screams brought his vehicle to a stop about two hundred feet from where the plaintiff was. A finding would be required that no part of the truck collided with the plaintiff. The other vehicle did not stop at the time of the accident. A rear view mirror extended from the left hand side of the defendant's truck. He could not say that he looked in the mirror before the accident happened.

"In determining whether the defendant was negligent, his conduct is to be judged by whether a reasonable man, knowing as much of the circumstances surrounding the defendant at the time as the defendant knew or should have known, would have realized that his conduct, at that time, involved an unreasonable risk of harm to others." *Galliher* v. *Stewart, ante,* 77, 80, and cases cited. In the light of this rule we are of opinion that the jury could not find properly that in all the circumstances the defendant should have realized that, in starting away while the plaintiff was proceeding to return to her home and was passing the left

hand side of his vehicle, the cuff of the empty sleeve of her coat would be caught upon some part of the rear of his vehicle and cause her to be injured. On the plaintiff's own testimony the jury would be required to find that there was sufficient space between the defendant's truck and the approaching vehicle in which the plaintiff could have stood or proceeded in safety. The defendant was entitled to rely to a certain extent upon the expectation that the plaintiff would take reasonable precautions for her own safety, *Pease* v. *Lenssen,* 286 Mass. 207, 208; *Kneizys* v. *Stone,* 297 Mass. 31; *Stinson* v. *Soble,* 301 Mass. 483; *Nicholson* v. *Babb,* 304 Mass. 216, 218, and could not rightly be said to have failed in any duty because he did not in fact take measures to prevent an accident of such an unusual character in which his truck did not collide with the plaintiff. The occurrence was so highly extraordinary that we think that the jury could not have found properly that the defendant in the exercise of reasonable care ought to have guarded against it. *Sylvester* v. *Shea,* 280 Mass. 508, 510.

The defendant's motion in each case for a directed verdict should have been granted. Accordingly, in each case the entry will be

> *Exceptions sustained.*
> *Judgment for the defendant.*