Ayres, judge.
This is an- action in tort. The ’matter comes before this court on an appeal from a judgment' of the district court sustaining an exception of no cause of action. The question; therefore, to be determined is whether or not plaintiff’s petition discloses a cause of action.
Plaintiff, as a basis for her demands, alleges in her original petition:
“2. That on or about April 4, 1953, your petitioner was riding as a guest passenger in an automobile owned by C.' R. Jordan and being driven by his wife,- Mrs-. C. R. Jordan; that Mrs. Jordan was taking your petitioner to her home at 2427 Pinehurst in the City of Shreveport. As ,your petitioner and Mrs. Jordan drove up and stopped in front of petitioner’s home, petitioner proceeded to get out of the automobile.
“3. Almost immediately after your petitioner set -foot on the ground Mrs. '.Jordan started 'her automobile and started driving off; however,- a portion of petitioner’s clothes, which petitioner avers upon information and belief was a coat she was wearing, was caught on said automobile somewhere around the right front door of said automobile, and it remained attached to said automobile as the automobile drove off. As a result thereof your petitioner was dragged to the pavement and dragged along said pavement a considerable distance before the driver of said automobile finally stopped.”
Prompted by the filing of a plea of vagueness, the' plaintiff further alleged in her supplemental ■ petition:
“2. That petitioner was in the process of closing the door .of the car immediately upon alighting from the car, and had pushed the door shut to a point where the safety catch on the door clicked, but the door had not shut all the way so as to be properly latched, when the driver of the car immediately .and..suddenly started off; accelerating rapidly, without determining'whether your-petitioner was clear of'the car starting up" instantaneously with the clicking of said safety catch, *638 before your petitioner had moved away from the door or had time to or reason to know that her coat was caught in the door.
“3. That the accident happened late at night and the locale of the accident was unlighted.
“4. Upon information and belief, petitioner shows that her coat was caught in the door of the car either between the rear side of the door and the door post or the lower edge of the door and the-floor of the car, or both.
“5. Upon information and belief, petitioner shows that she was dragged approximately 40 or SO feet by 'the car while she constantly screamed for the driver to stop; that she was dragged in the street and gutter next to the curb and possibly on the curb part of the time; that while she was being dragged, she was screaming to the driver and did not pay close attention to the path along which she was being carried; therefore, she is unable to allege with more certainty the particulars thereof.” ■,
The sum and substance of these allegations are that the plaintiff, as a guest in the Jordan car, driven and operated at the time by Mrs. Jordan, alighted from the car after it had stopped near her residence late at night and at an unlighted location, and that the plaintiff, in closing the door, caught up a portion of her coat, either between the door and the door post and/or between the door and the floor of the car. It was alleged, too, that, after the door clicked oil the safety catch but not completely closed, the driver drove off at a rapid speed, and proceeded for a distance of forty to fifty feet, dragging plaintiff on the pavement. As a result of this accident she alleges she sustained the injuries as set forth in her petition.
The district court, in rendering judgment, gave oral reasons for sustaining the exception, but we are informed in counsel’s brief that the court indicated a firm conviction that plaintiff was clearly guilty of contributory negligence in getting out of the car and closing the door on her coat. We are inclined to the same opinion that plaintiff has alleged facts affirmatively showing that she was guilty of contributory negligence. Such being the allegations of plaintiff’s petition, the issue of contributory negligence may be raised by an exception of no cause of action. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720; Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239; Lobell, for use and benefit of Hardware Mutual Casualty Co., v. Neal, La.App., 48 So.2d 797.
Mrs. Swank undoubtedly created the dangerous condition by closing the door on her coat, and Mrs. Jordan, if negligent, simply acted upon the condition created by Mrs. Swank, for the accident would not have occurred and plaintiff would not have sustained injuries thereby but for the fact that, in alighting from the car, she was not careful enough to clear herself from the car when she closed the door, catching up her coat, regardless in what manner or at what speed the driver may have start- . ed up her car. This act of negligence, in catching her clothing to the car and causing her to be dragged down, continued as an act of negligence until the happening of the event itself. It was plaintiff whose act set in motion a chain of events resulting in her own injury, and in the absence of her own act such would not have occurred. If her act was not the sole and moving cause of the accident, it clearly, in our opinion, contributed directly and proximately to the cause of the accident.
It is contended that Mrs. Jordan’s act in driving off rapidly was an intervening act of negligence; but it is not alleged that Mrs. Jordan was aware that plaintiff had - not cleared the car or that her coat had been caught in the door of the car. It is shown, however, that Mrs. Jordan was on the opposite side of the car in the driver’s seat and, from our appreciation of the alleged facts and circumstances, such as the darkness of the night, the emerging of the plaintiff from the car, her closing the door, *639 and the safety latch thereon clicking, it’is-reasonable to conclude that the driver- was-unaware of any condition that would have prevented her from safely proceeding at the time she started her car. It would appear most reasonable for the defendant driver to assume from the alleged facts that it was safe for her to proceed. If plaintiff did not realize her predicament and the perilous situation which existed, how could it he expected that the driver, in a much less favorable position to observe, could have more- closely observed and ascertained the facts of this rare and unusual occurrence? The answer is obvious.
We are of the opinion that • Mrs. Jordan’s act in driving away could not be construed as such an intervening cause which would supersede the original negligent and careless act and which would of itself and alone have caused said accident.
These general principles are stated in Corpus Juris Secondum:
"An intervening force is one which actively operates in producing harm to another after the negligent act of the original actor has been committed, and the question whether an intervening force is such as to relieve the original wrongdoer of liability is determined by many considerations, in accordance with common understanding,' and in view of the circumstances existing at the time. * * *
"An intervening efficient cause which relieves a negligent wrongdoer of liability is, and must be, a new and independent force which breaks the causal connection between the original wrong and the injury, and which itself becomes the direct and immediate cause of the injury. It must be more than a mere concurrent and contributing cause; it must be a responsible cause or a superseding cause, that is, one which has superseded the original act or been itself responsible for the injury. One whose negligence combines or concurs with an independent intervening cause in producing the injury is liable, even though his .negligence alone, without such independent intervening cause, would not have produced the injury.
* * In order to break the causal connection, the intervening cause must be one but for which the injury would not have occurred, although the mere ,fact that the injury would not have occurred without the intervening cause does not of itself relieve the original wrongdoer of liability. . :
* * ■ * * ‡ if
“Where a second actor has or should have become aware, of the existence of a potential danger created by the negligence of an original tort- ' feasor, and thereafter, by independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created 'by him was merely a circumstance of the accident and not its proximate .cause. However, it is only where such awareness and independent act of negligence are present that this rule applies. Intervening, acts done without knowledge of the danger have been, re-r garded as not sufficient to break the causal connection; and, where the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability on both of the guilty persons.”
65 C.J.S., Negligence, § 111, pp. 688-692.
Applying these principles to the facts alleged here, it would appear that the acts of negligence charged to Mrs. Jordan could not have caused the accident and produced the injuries alleged without the negligence of plaintiff. Mrs. Jordan is shown by the pleadings to have been without knowledge of the dangerous situation and *640 that she did not become aware or apprised of such danger until the accident had actually happened and the injuries had been sustained by plaintiff. It is obyidus,, therefore, that the intervening cause, in>order to supersede the original negligence, must be considered sufficient to produce and have actually produced the injury. Mrs. Jordan’s acts do not come within the category of an efficient intervening cause that would relieve Mrs. Swank of the effect of her negligent act.
In a similar case of Hebert v. White Top Cabs, Inc., La.App., 8 So.2d 158, 159, plaintiff and three of her friends boarded a cab as passengers, and pn reaching their destination alighted therefrom. After leaving the car, plaintiff therein closed a rear door and, for some unexplainable reason, placed her hand on the side or top of the cáb, and the front door, as it closed, crushed her little fingeri ’ It wás her contention that her ’friend had closed, the door but only sufficiently for the safety latch to catch, which left an opening into which her finger extended, and that the chauffeur, seeing that the door had not been completely closed but not noticing that her finger was in the crack, grasped the door handle and violently closed the ‘door, crushing plaintiff’s finger. In the course of its opinion, the court said:
“ * * * if plaintiff’s story is true, she was contributorily negligent in extending her little finger into the very small opening left between the partially closed door and the body of the car. She ■ was standing outside, and there was nothing about her position to indicate to the driver that she had been so careless as to extend her little - finger into this small opening. Even according to her own story, her own negligence should prevent recovery. * * *»
The material facts in that case are- very, analagous to the facts here. The situation is that the- acts of the driver would not have caused or produced the accident in the ■ absence of the act of plaintiff, which original act. o.f negligence is so clearly interwoven with the subsequent occurrences involved that.it can not be disassociated from them.
Taking into consideration all the allegations of plaintiff’s petitions, .and taking them as true, as -we must for the purpose of this exception, it is our opinion that the petitions affirmatively allege acts of negligence on the part of plaintiff, which, at least, contributed directly and proximately in causing the accident wherein plaintiff sustained injuries alleged by her, and that, therefore, said petitions neither state nor disclose a cause of action. The judgment of the district court in sustaining such exception is, in our opinion, correct and is affirmed at appellant’s cost.