No. 39, 535

Irene R. Ward, *Appellant*, v. William E. Dwyer, *Appellee*.

(277 P. 2d 644)

Opinion filed December 11, 1954.

*David Prager*, of Topeka, argued the cause and *Edward Rooney, Jacob*

A. *Dickinson* and *William W. Dimmitt, Jr.,* all of Topeka, were with him on the briefs for the appellant.

*Lee Hornbaker,* of Junction City, argued the cause and *Howard W. Harper,* of Junction City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for damages alleged to have been sustained when plaintiff had alighted from an automobile being driven by defendant. Judgment was for the defendant, sustaining an objection of defendant to the introduction of any evidence by the plaintiff following plaintiff's opening statement and sustaining defendant's demurrer to plaintiff's amended petition and opening statement, and from an order giving defendant judgment upon the opening statement.

The petition alleged that on the day in question plaintiff was a pay passenger riding with other pay passengers in defendant's automobile from Manhattan to Ft. Riley and that she and other passengers were each paying $2.00 per week, and she had been such pay passenger for two or three months. The petition also stated there was a cinder path leading out from the building to which she was destined to the roadway; that on the morning in question defendant had been driving faster than usual and drove about 15 feet past that path; that there was a deep ditch beside the roadway and defendant drove the car almost to the edge of the ditch and stopped for plaintiff to alight; that the wind was blowing hard so that the clothing of a woman alighting from the car would be greatly disarranged, thereby making it difficult to alight from the right-hand side of the car, which was headed west; that as she alighted she found the car too close to the ditch to permit her to step from it; that she did not have more than a foot or 18 inches clearance between the side of the car and the edge of the ditch; that before she could clear the car and while her clothing was yet in the doorway, the door was closed, catching her fur coat between the edge of the door and the car body; that defendant, without permitting plaintiff to clear the car, drove off and dragged her approximately 15 to 25 feet until her coat was torn loose. Her injuries were then described. The petition further stated that her injuries were the direct, proximate and immediate and legal result of defendant's negligence in the following respects:

"1. Defendant was negligent in not stopping at a safe place, to-wit, in front of the building where a safe path came to the roadway.

"2. In stopping his car for plaintiff to alight within 18 inches of a precipitous ditch several feet deep, thereby preventing plaintiff from being able to clear said car and to get her clothes and garments out of the doorway.

"3. In driving said car away while the plaintiff was still entangled with her clothing in the doorway of said car and in not waiting until plaintiff was free from contact with said car.

"4. Defendant was further negligent in not looking and ascertaining whether or not plaintiff was free from said car then and after the time he started the same and in dragging her on the ground as aforesaid."

Plaintiff further stated that by the exercise of ordinary care defendant knew, or should have known, that plaintiff would get caught in the door as the car was started while she was compelled to stand on a narrow foot and a half ledge and until she had walked to the end of the car; that defendant was further negligent in making a sudden jack rabbit start of the automobile so fast that plaintiff could not make her danger known and make her voice heard because of the roar of the engine.

Damages were asked in the amount of $14,601.68.

To this petition defendant filed a motion to make definite and certain in some eleven respects. This motion was overruled except that plaintiff was directed to state whether she relied on an allegation that the car was too close to the ditch to permit her to step from it, whether she closed the door or some third person closed it and when she was taken to the hospital.

In conformance with this order, the plaintiff alleged by an amendment to the petition that there was about a foot of ground between the right side of the car and the ditch; that she got out of the automobile and stepped to the ground and had to turn her body to the left toward the rear of the car because of the ditch and as she did so the lower right side of her coat was caught in the car door; that she did not close the door; that it was closed either by another passenger or the wind and that her son drove her to the hospital.

Defendant answered first with a general denial. Then he alleged that he often hauled other people to Ft. Riley to work; that he called for plaintiff at her request for the purpose of driving her to Ft. Riley, where she worked; that she was one of four passengers riding with him that morning; that she had ridden with defendant many times before and had told him where to pull his car off the highway and stop; that whenever she rode with defendant he always

drove his car to the same place in accordance with plaintiff's request; that on the day in question he drove his car off the highway and stopped at the same place in the same manner as was his custom to do, so plaintiff could get out at the place she had directed him to stop; that after she got out of defendant's car she slammed the door shut and turned away from the car; that defendant saw she was headed toward the building where she worked and started forward slowly. The answer then related how he got out of his car and walked over to her and inquired if she was hurt; that she said she had just torn her coat and went on into the building where she worked. Defendant further alleged that if plaintiff was injured by reason of her falling to the ground due to the fact the corner of her coat was caught in the right rear door of his car, such injury was proximately caused or contributed to by one or more, or a combination of one or more of plaintiff's negligent acts and omissions to act on her part as follows:

"(a) In closing the door of defendant's car before making certain her coat was free from the door.
"(b) In failing to keep a proper lookout for her own clothing as she alighted from defendant's car.
"(c) In failing to notice that she had closed the right rear door of defendant's car upon her coat in sufficient time to open the door and release her coat.
"(d) In failing to open the right rear door of defendant's car and release her coat.
"(e) In failing to give defendant prompt notice of her situation before he moved his car forward."

Defendant denied that plaintiff was a pay passenger on the day in question and alleged that she was his voluntary guest without compensation to him of any kind.

The reply was a general denial.

In plaintiff's opening statement her counsel stated the facts about as they were alleged in the petition. At the close of the opening statement counsel for defendant objected to the introduction of any evidence for the reason the petition, as amended, did not state facts sufficient to constitute a cause of action against the defendant and did affirmatively show that plaintiff under the laws of Kansas is not entitled to any relief; the defendant also moved for judgment upon the opening statement and the petition.

The trial court held the plaintiff's amended petition did not state facts sufficient to constitute a cause of action against the defendant and showed on its face plaintiff was guilty of negligence, which

caused or contributed to her claimed injury, and did show plaintiff was a guest within the meaning of the guest statute and as such guest did not have a cause of action against defendant. Judgment was entered accordingly.

The specifications of error are:

"1. The Court erred in sustaining the motion of the defendant for judgment upon the pleadings and plaintiff's opening statement.

"2. The Court erred in sustaining the objection of defendant to the introduction of evidence by plaintiff for the reason that the amended petition does not state facts sufficient to constitute a cause of action against defendant and further shows that under the law of Kansas plaintiff is not entitled to any relief from defendant.

"3. The Court erred in sustaining the defendant's demurrer to the opening statement which statement included the allegations contained in plaintiff's petition.

"4. The Court erred in holding as a matter of law that the Kansas Guest Statute, G. S. 1949, 8-122b, barred plaintiff from any recovery in the instant case.

"5. The Court erred in holding as a matter of law that the Amended Petition and plaintiff's opening statement fail to state a cause of action in favor of plaintiff and against the defendant and in holding plaintiff guilty of contributory negligence as a matter of law barring her from any recovery from defendant."

Plaintiff states the first question to be: "Do the facts as alleged in plaintiff's petition and amendment thereto and as stated in plaintiff's opening statement show as a matter of law that plaintiff was a guest within the meaning of G. S. 1949, 8-122b, thereby precluding her from recovering from defendant?" At the outset it should be noted while the defendant objected to the introduction of any evidence following the opening statement and demurred to the amended petition and opening statement, he argues this appeal as though nothing had been filed but a demurrer to the amended petition. The petition on this point alleged that plaintiff was a pay passenger riding with other pay passengers in defendant's automobile; that she and the other passengers were each paying $2.00 a week; that plaintiff had been such pay passenger for a period of between two and three months.

To this allegation the defendant filed a motion that the plaintiff be ordered to make her petition more definite and certain by stating whether she had a contract with defendant upon which she based her legal conclusion that she was a pay passenger and if she had a contract, that she be required to state if it was written or oral, and if written, to attach a copy of it, and

if oral, to state its terms. This motion was overruled. Defendant refers to the order overruling this motion and argues on account of that action of the trial court the plaintiff is not entitled to a liberal interpretation of her petition. It is only where such a motion was improperly overruled that a petition must be strictly construed against the pleader.

In this case the motion was properly overruled. The only reasonable interpretation to be placed on the above allegation was that defendant was engaged in the practice of transporting passengers from Manhattan to Ft. Riley for $2.00 a week from each passenger. It is difficult to see how the proposition could be more clearly stated, even though a contract had been set out. Clearly the defendant was not prejudiced or left in doubt as to what the plaintiff intended to prove to take herself out of the guest statute. We considered a case not nearly so favorable to the claim of the plaintiff as this in *Sparks v. Getz,* 170 Kan. 287, 225 P. 2d 106. In that case plaintiff and defendant lived in Emporia and worked for the Santa Fe Railway Company out of Emporia on the same crew. They entered into an agreement whereby each agreed to transport the other to and from work in his automobile on alternate dates in order to save the expense of both of them driving their cars every day. Pursuant to the agreement, plaintiff was riding home from work in defendant's car when he was injured as a result of defendant running into another car. The trial court sustained a demurrer to the petition on the ground it disclosed plaintiff was a guest, and since the petition had not alleged gross and wanton negligence the defendant's demurrer should be sustained. We reversed and held that the plaintiff was not a guest but had the status of a passenger to whom defendant owed the duty to exercise ordinary care. We said:

"The demurrer admits the parties entered into such a money saving contract. Had the costs of transportation been calculated and each had paid such amount on alternate days to the other it scarcely would be contended there was no payment for transportation."

Defendant argues that since it appears from the allegations of the petition that he would have made the trip anyway even had plaintiff not paid the $2.00 a week, she was a guest. To sustain this position he cites and relies on *Pilcher v. Erny,* 155 Kan. 257, 124 P. 2d 461. There in discussing a guest case we said:

"The intention was, however, that the exception should apply only where the payment was the chief motivating cause for the trip or carriage."

He argues the effect to be given this statement should be considered as though the words "or carriage" were not used. Here it is clear the chief motivating cause of the carriage of the plaintiff was the payment by her of $2.00 a week. (See *Shanks v. Gilkinson*, 177 Kan. 225, 277 P. 2d 594.) The question is not whether defendant would have made the trip regardless of the payment. It seems clear she alleged a situation where the only reasonable conclusion is that she would not have been in the plaintiff's car had it not been for the payment. The trial court erred in its judgment on this question.

Plaintiff argues the next question is: "Do the facts as alleged in plaintiff's petition and amendment thereto and as stated in plaintiff's opening statement show as a matter of law that defendant was not guilty of any negligence?" This may be considered in connection with the next question, which is: "Do the facts as alleged in plaintiff's petition and amendment thereto and as stated in plaintiff's opening statement show as a matter of law that plaintiff was guilty of contributory negligence barring her recovery from defendant?" There is no controversy about the rule. If reasonable minds would reach different conclusions on the facts, then the question of negligence is one of fact for the jury. (See *Howse v. Weinrich*, 133 Kan. 132, 298 Pac. 766; *Rogers v. Price*, 117 Kan. 181, 230 Pac. 1047, and *Sparks v. Getz*, supra.) Would reasonable minds reach a different conclusion on the facts in this case?

Plaintiff alleged that defendant was negligent in not stopping in front of the building in a safe place; in stopping his car for plaintiff to alight within 18 inches of a precipitous ditch, thereby preventing plaintiff from being able to clear the car and get her clothing and garments out of the doorway; in driving his car away while the plaintiff was still entangled with her clothing in the doorway of the car, and in not waiting until plaintiff was free; and in not looking and ascertaining whether plaintiff was free then and after he started his car and in dragging her on the ground; and alleged that by the exercise of ordinary care defendant knew, or should have known, that plaintiff would get caught in the door of the car as it was started while she was on the narrow foot and a half ledge and until she walked to the end of

the car; and was negligent in making a sudden "jack rabbit" start so fast that plaintiff could not make her danger known and her voice heard above the roar of the automobile caused by the fast acceleration.

The negligent acts with which defendant charges plaintiff have been heretofore set out in this opinion. He says he stopped at the regular place. She says he drove past the regular strip to a place where it was dangerous for her to alight. This surely presents a jury question. Had he stopped at the regular place where the cross walk reached to the highway, it is a jury question whether she could have stepped directly away from the car and avoided having her coat caught in the car door when it was shut. Finally once having stopped in the dangerous place, which plaintiff alleges defendant did, he owed her the duty of exercising ordinary care to ascertain if she was clear of the car before suddenly starting it. It is a jury question whether under all the surrounding facts and circumstances he did exercise such care.

The trial court erred in holding the allegations of the amended petition and the opening statement showed defendant was not negligent as a matter of law and that the same allegations convicted the plaintiff of negligence as a matter of law.

The judgment of the trial court is reversed, with directions to proceed to try the action in accordance with the views expressed herein.