**John T. TALBOTT, Appellant,**

**v.**

**YELLOW CAB CO. OF D. C., Inc., a corporation, Appellee.**

No. 1735.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1956.

Decided March 8, 1956.

Jacob A. Stein, Washington, D. C., for appellant.

Alfred M. Schwartz, Washington, D.C., for appellee. Charles Jay Pilzer, Washington, D. C., also entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, plaintiff in the trial court, brought suit for personal injuries received shortly after alighting from one of defendant's taxicabs in which he had been a passenger. At the close of plaintiff's case, the court directed a verdict for defendant and this appeal followed.

The facts pertinent to our decision are as follows: Early in the evening of January 28, 1955, plaintiff hailed a cab at 13th and E Streets, N. W., and instructed the driver to take him to his residence in the 3900 block of Jocelyn Street, N. W. Before arriving at this destination and when the cab was at the corner of 39th and Jenifer Streets, N. W., plaintiff directed the driver to stop. The driver obeyed this instruction and after paying his fare, plaintiff alighted, but as he did so he closed the door on the lower part of his overcoat. The driver did not touch the door at any time. When the driver started to drive off after hearing the door "slam," plaintiff realized his coat was caught, and as he was being pulled to the ground he "hollered" to the driver but nevertheless was dragged on his left side for approximately ten feet. No part of the cab came in contact with him. The driver stopped and offered his assistance, but plaintiff, who was in a dazed condition, got up and walked the remaining block and a half to his home unassisted. The next day plaintiff visited a physician and was treated for injuries he claimed to have suffered as a result of the accident.

Plaintiff testified that he did not remember whether in alighting from the cab he stepped onto the curb or in the street or how close the cab was to the curb when it stopped. On cross-examination he said that because the level of the window of the right rear door came to his waistline, the fact that his coat was caught in the door would have been apparent to him if he had looked, but that this could not have been seen by the driver.

The complaint specifically alleged that "the taxi cab operator negligently pulled away, failing to heed the warning and failing to allow the plaintiff to alight safely." It is well established that plaintiff had the burden of proving the specific acts of negligence alleged, by a preponderance of evidence.[1] A mere scintilla is not sufficient. It is also settled that in ruling on a motion for directed verdict, the evidence, with all legitimate inferences therefrom, is to be considered in the light most favorable to the party opposing the motion.[2] Therefore, we must decide whether there was any evidence from which a jury could have found a verdict for plaintiff. Here, the driver started to drive off when he heard plaintiff slam the door after he had alighted. He could not have seen that the lower part of plaintiff's overcoat was caught in the door because of the level of the window, and since there was no indication that plaintiff had placed himself in a position of peril[3] he had a right to assume that plaintiff had alighted safely. A carrier is not an insurer and discharges its duty when it has safely deposited a passenger at his destination. Here, plaintiff had alighted safely but through his own failure to exercise ordinary care, set in motion a chain of events

1. Kelly Furniture Co. v. Washington Ry. & Electric Co., 64 App.D.C. 215, 76 F.2d 985.

2. Jackson v. Capital Transit Co., 69 App. D.C. 147, 99 F.2d 380.

3. Hebert v. White Top Cabs, La.App., 8 So.2d 158; Swank v. Jordan, La.App., 71 So.2d 636, 43 A.L.R.2d 1277.

which resulted in his own injury. Absent such negligent act, no accident would have occurred. Thus, if the act was not the sole cause of the accident, it clearly contributed directly and proximately to it and as such, precluded recovery for plaintiff.[4]

It cannot seriously be asserted that the failure of the driver to stop the cab sooner than he did after he heard plaintiff "holler" was negligence. A certain amount of time must be allowed for the driver's reflexes to bring the cab to a stop. It is apparent from the record that the driver stopped as soon as was practicable.

In the absence of any proof that the actions of defendant's driver constituted negligence and that such negligence was the proximate cause of his injury, the trial court had no choice but to grant defendant's motion for directed verdict.

Affirmed.

---

4. Swank v. Jordan, supra; see also Annotation, 43 A.L.R.2d 1282.