GEORGE LYDON *vs.* WAREHOUSE 13, INC.

Suffolk.   April 1, 1957. — May 1, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Negligence*, Heavy object, In loading.

Evidence of the circumstances in which, pursuant to a customary method of loading bales of wool from a warehouse onto trucks, a bale was dropped from a doorway onto an open platform truck standing alongside the warehouse a few feet below the doorway, but instead of falling onto the platform of the truck struck a wooden rack fastened to the side of the truck and caused injury to the truck operator standing near by on the platform of the truck to place the bale after it fell, did not warrant a finding of negligence on the part of the warehouse employees toward the truck operator.

TORT. Writ in the Superior Court dated June 6, 1953. The action was tried before *Donahue*, J.

*John M. Russell*, for the plaintiff.

*Bertram A. Sugarman*, (*Edward J. Barshak* with him,) for the defendant.

COUNIHAN, J. This is an action of tort to recover damages for personal injuries sustained on May 8, 1952, allegedly as the result of the negligence of the defendant's warehouseman. The answer was a general denial, contributory negligence and assumption of the risk. At the close of the plaintiff's evidence on motion the judge directed a verdict for the defendant and the plaintiff excepted. The defendant excepted to the admission of certain expert testimony offered by the plaintiff. The action comes here upon a consolidated bill of exceptions. There was no error.

Since, from what hereinafter appears, we are of opinion that there was no evidence of negligence on the part of the defendant, we do not consider the defences of contributory negligence and assumption of risk. For the same reason the exception of the defendant becomes immaterial.

On the evidence most favorable to the plaintiff the following facts could be found. The plaintiff was a truck driver hauling wool for a motor transportation company and had been similarly employed for about seventeen years. On the day of the accident he was driving an open platform truck, twenty feet long and seven and a half feet wide. The sides of the truck were enclosed by removable wooden racks which were loosely tied onto the sides of the truck. On this day the plaintiff drove the truck to one of the defendant's warehouses in South Boston to pick up bales of wool. After receiving those bales he drove to another warehouse of the defendant to pick up more bales. Each of these bales was about three and a half feet long, two feet wide and from a foot to a foot and a half in thickness. Each bale was oblong in shape and weighed about two hundred twenty-five pounds. When the plaintiff arrived at the second warehouse the bales previously loaded were stacked on the floor of the truck, occupying about the front half of it.

There were several methods used in loading such trucks. One was by the use of a "whip" or hoist,[1] and another by the use of an elevator inside the warehouse which carried the

---

[1] For a description of a "whip" see O'Meara v. Adams, 283 Mass. 396, 399.

bales from upper floors to the ground floor from which they were carried by hand trucks to the truck on which they were to be loaded. When the plaintiff got to the second warehouse the "whip" was in use. The defendant's foreman decided to use a third method. This required the truck to park alongside of the warehouse, parallel to it and about a foot away from it, with the rear part of the truck opposite a door on the first floor of the warehouse. The bottom of this door was about five feet above the floor of the truck. The bale was then brought to the edge of the door and upon a signal from the plaintiff the warehouseman pushed or dropped it so that ordinarily it fell onto the floor of the truck. The plaintiff stood on the floor of the truck at its rear end, with his back close to the rack nearest the building. It was his duty to put the bale in proper place on the floor of the truck as it fell onto it.

The accident happened as the first bale was being loaded. A warehouseman brought the bale to the edge of the door and leaned it toward him to prevent it from falling out. When he got a signal from the plaintiff he let go of the bale and it dropped or fell out. In its descent it struck the rack near which the plaintiff was standing, causing the rack to snap so that it struck the plaintiff and threw him to the ground, and he sustained injury.

The most significant evidence in the case came from the plaintiff in the form of a written statement signed by him which was introduced in cross-examination of the plaintiff and which the plaintiff admitted was a correct statement of the way the accident happened. In this statement he said that "The method that was being used at the time to drop the bales is a thing that has been done for years. All the wool concerns will do this. . . . Rather than wait around the truck drivers and employees of warehouses will drop the bales. In my experience I have done it many times and have never found it to be dangerous. . . . At the time of my accident the signal had been given and the bale was dropped as it usually is done. The bale was not dropped carelessly or thrown improperly. So far as I am concerned

I cannot say that any employee of Warehouse # 13 acted improperly or was negligent or was responsible for what happened. It was just an accident."

The plaintiff now contends that the warehouseman of the defendant was negligent in not giving the bale a little push so that it would clear the rack instead of letting it fall of its own weight. Assuming without deciding that there may be a real difference between pushing the bale off and dropping it as was done here, we do not believe that the warehouseman should have foreseen the occurrence of an accident which all the evidence indicates was unprecedented.

It was said in *Falk* v. *Finkelman*, 268 Mass. 524, 527, "One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable." *Sylvester* v. *Shea*, 280 Mass. 508, 510. *Buda* v. *Foley*, 302 Mass. 411, 413. *Gagnon* v. *DiVittorio*, 310 Mass. 475, 478.

While the defendant owed the plaintiff as a business invitee the duty to exercise reasonable care toward him, the defendant was not obliged to foresee the apparently impossible or the highly improbable. *Intriligator* v. *Goldberg*, 299 Mass. 333. *Rogers* v. *Cambridge Taxi Co.* 317 Mass. 578, 580–581.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions dismissed.*