# DYER *v.* HEATWOLE

[No. 245, September Term, 1960.]

*Decided June 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*William E. Brooke,* with whom were *Shriver & Brooke* on the brief, for appellant.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett & Powers* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

In a suit by Margaret Dyer, plaintiff-appellant, against Gordon N. Heatwole, defendant-appellee, for personal injuries suffered by her after alighting from his station wagon, the trial court directed a verdict for the defendant at the close of the plaintiff's case. Mrs. Dyer appeals from the judgment entered thereon, contending that her evidence was sufficient to require submission to the jury of the issues of negligence, contributory negligence, and last clear chance.

Mrs. Dyer's employer furnished her with transportation as part of the terms of her employment, and on the day of the accident she rode to work with Heatwole, a fellow employee, as she had for some months. She was seated on the rear seat. Another fellow employee, Elizabeth Manning, rode in front beside the driver. Upon entering the plant property where the parties were employed, Heatwole stopped to discharge his passengers in front of the plant building in which they worked, before proceeding to a parking area. Mrs. Manning alighted first and walked to the rear of the vehicle. After handing Heatwole her morning paper, Mrs. Dyer stepped out of the right rear door, stood and turned to her left and while facing the right side of the vehicle closed the door with her right hand. The door closed upon the cuff on the sleeve of her winter coat, catching it between the door and the door post.

The only witnesses who testified as to the circumstances of

the accident were Mrs. Dyer and Mrs. Manning. Their accounts differed somewhat in regard to certain of the details. Mrs. Dyer's testimony in direct and cross examination as to the relative timing of her closing of the door on her coat sleeve and the pulling away of the station wagon by Heatwole was not free of ambiguity. However, her version would seem to be best presented in her statement: "And just as I shut the door he took off, and my hand was still on the door * * *. My sleeve was caught." She said she was not aware that her sleeve was trapped until the station wagon pulled away. She testified that she ran beside the moving car shouting to Heatwole, but he failed to heed her. She stated she fell and was dragged some distance. Then Heatwole, apparently becoming aware of Mrs. Dyer's predicament, stopped, got out and coming around the vehicle to where she was, inquired as to what had happened and directed one or more of the ladies present to assist her to the ladies' room. The appellant allegedly suffered certain permanent injuries as a result of the accident. According to Mrs. Dyer's testimony, Heatwole contacted her five days later and told her that while he heard her call he assumed she had forgotten her lunch, as she had on a prior occasion.

Mrs. Manning testified that both her door and Mrs. Dyer's door were closed before the station wagon started moving. She said that Heatwole "started in the same fashion he does every day, a very slow easy manner", and that he didn't "take off". She stated that the station wagon moved about a car's length before it stopped, that she saw Mrs. Dyer fall and that she did not think she walked as far as a car's length to get to where Mrs. Dyer was lying on the ground.

The trial court, in granting the motion for a directed verdict, held that even if it assumed negligence on the part of Heatwole in starting his car when he heard both of his passengers close their doors, Mrs. Dyer had failed to use ordinary care and prudence for her own safety and the act of closing the door on her own coat sleeve constituted contributory negligence as a matter of law, barring recovery by her. The trial court also rejected the theory of last clear chance. It held that even if Heatwole heard the outcry of Mrs. Dyer,

his failure to sense her perilous situation under the circumstances and to take steps to protect her did not constitute a later act of negligence permitting recovery.

We think, as the trial court did, that even if it is assumed that the evidence was sufficient to show negligence on the part of Heatwole, appellant's own testimony affirmatively showed that she was guilty of contributory negligence.

The case of *Swank v. Jordan,* 71 So. 2d 636 (La. App. 1954), involved an accident similar to the one complained of here. In that case when the plaintiff alighted from the defendant's car, she closed the door on her own coat. The defendant, unaware of the situation, pulled away and dragged the plaintiff forty to fifty feet. The court commented:

> "Mrs. Swank undoubtedly created the dangerous condition by closing the door on her coat, and Mrs. Jordan, if negligent, simply acted upon the condition created by Mrs. Swank, for the accident would not have occurred and plaintiff would not have sustained injuries thereby but for the fact that, in alighting from the car, she was not careful enough to clear herself from the car when she closed the door, catching up her coat, regardless in what manner or at what speed the driver may have started up her car. This act of negligence, in catching her clothing to the car and causing her to be dragged down, continued as an act of negligence until the happening of the event itself. It was plaintiff whose act set in motion a chain of events resulting in her own injury, and in the absence of her own act such would not have occurred. If her act was not the sole and moving cause of the accident, it clearly, in our opinion, contributed directly and proximately to the cause of the accident."

The case of *Talbott v. Yellow Cab Co. of D. C.,* 121 A. 2d 262 (D. C. Mun. App. 1956) is also closely analogous. A passenger closed a cab door on his coat and the cab drove off. The court, citing the *Swank* case, refused to set aside a directed verdict for the defendant. See also annotation, 43 A.L.R. 2d 1282.

Mrs. Dyer, in alighting safely and then closing the door, of which she alone had control, on her own coat sleeve, created the dangerous situation out of which her injuries resulted. Even if Heatwole was negligent, he merely acted upon the situation created by Mrs. Dyer. Appellant argues that Heatwole started his car without determining whether he could proceed with reasonable safety. However, it is apparent from the testimony that Heatwole was unaware that Mrs. Dyer had caught her sleeve in the door. Heatwole was on the opposite side of the car in the driver's seat, while Mrs. Dyer had emerged from the rear of the car. If she herself was unaware of the perilous condition that existed until the vehicle pulled away, it is difficult to see how the driver, from his unfavorable position, could be charged with failing to observe such an unexpected and unusual occurrence. Accepting the testimony of Mrs. Manning, the closing of both doors by his passengers was enough to lead Heatwole reasonably to believe that it was safe to proceed. We must conclude that if Mrs. Dyer's act was not the sole efficient cause of the accident, it contributed directly and proximately to the subsequent events leading to her injury. *Yellow Cab Co. v. Hicks,* 224 Md. 563, 168 A. 2d 501 (1961).

Appellant's final contention is that the doctrine of last clear chance applies on the theory that Heatwole was negligent in not heeding Mrs. Dyer's shouts after the station wagon had begun to pull away, and therefore, conceding negligence on the part of Mrs. Dyer, his subsequent failure to avoid the consequences of her negligence made him liable for the resulting injury to her. This argument is untenable in our view of the case. This Court has held that the doctrine of last clear chance cannot be invoked without a showing that the defendant not only had actual or constructive knowledge of the peril in which plaintiff was placed, but also that he had time after obtaining such knowledge in which to make an effort to save plaintiff from impending danger. *Richardson v. State,* 203 Md. 426, 436, 101 A. 2d 213 (1953); *State, Use of Taylor v. Barlly,* 216 Md. 94, 140 A. 2d 173 (1958). There was no showing here that Heatwole was put on notice of the danger to Mrs. Dyer until immediately before he applied his

brakes. The only direct evidence as to how quickly he stopped his vehicle was given by Mrs. Manning, who estimated his distance traveled as one car length. It is plain that his failure to stop his station wagon sooner did not constitute negligence.

The motion for a directed verdict was properly granted and the judgment will be affirmed.

*Judgment affirmed, costs to be paid by appellant.*