RICHARD A. LINDBERG vs. GLENN GILBERT. May 2, 1963. Exceptions overruled. In this action of tort the plaintiff excepted to the direction of a verdict for the defendant. The plaintiff and his son, together with a neighbor and his son, were driving in the plaintiff's car. They arrived at Mountain Road in Rowe and after driving on this road for about twenty minutes noticed the defendant's car stopped at the foot of a hill. The plaintiff brought his car to a stop about thirty feet behind the defendant's car, and the plaintiff and his passengers alighted. The defendant was unable to drive up the hill. The plaintiff gave the defendant a shovel and he dug some gravel, consisting of stones, sand, and dirt, from the banking at the side of the road and threw about six shovelfuls around the rear wheels of his car. He returned to his car, "spun the wheels violently, and started up very fast." A stone "thrown back by the rear wheel" struck the plaintiff who was standing about twenty or twenty-five feet to the rear of the defendant's car causing injuries to the plaintiff. This was an unusual happening and the defendant was not bound to guard against what was only remotely likely to occur. Sylvester v. Shea, 280 Mass. 508, 510. Lydon v. Warehouse 13, Inc. 335 Mass. 729, 732. Peacock v. Ambassade Realty Corp. 336 Mass. 115, 118. There was no error.

Lawrence A. Sullivan for the plaintiff.
Arthur J. McLaughlin for the defendant.

TAHANTO ASSOCIATES, INC. & others vs. BOARD OF APPEALS OF BOURNE & another. May 2, 1963. Decree affirmed. This is a bill in equity under G. L. c. 40A, § 21, as amended, by way of an appeal from a decision of the board of appeals of the town of Bourne granting a permit to establish certain "marine use areas." By order of a judge in the Superior Court a final decree was entered that the decision was in excess of the authority of the board and should be annulled. The defendant board and the defendant shore and harbor committee appealed. The judge in his findings, rulings, and order for decree ruled that (1) the zoning by-law pursuant to which the board purported to act was not within the zoning enabling act, G. L. c. 40A, §§ 2, 4, both as amended; and (2) the decision of the board was not the grant of a special permit as purportedly authorized by the by-law, but was an attempt to rezone. The defendant board rightly concedes that the decision of the board does not set forth reasons for the decision as required by G. L. c. 40A, § 18, as amended, and should be annulled. It contends, however, that the amendment of the zoning by-law should be declared to be valid. We do not make such a declaration. This is not a bill for declaratory relief under G. L. c. 231A.

Allan M. Hale for the defendants.
James W. Kelleher for the plaintiffs.

MANSFIELD AUSTIN & others vs. BOARD OF APPEALS OF BOURNE & another. May 2, 1963. Decree affirmed. This is a bill in equity similar to that in Tahanto Associates, Inc. v. Board of Appeals of Bourne, decided herewith. See "brief statement of the grounds and reasons of the decision" in that case.

Allan M. Hale for the defendants.
James W. Kelleher for the plaintiffs.