### TILLIE GROSSMAN v. LEON WOLKOWITZ.

132 N. W. (2d) 800.

January 15, 1965—No. 39,413.

*Fred Albert,* for appellant.
*Hoppe & Healy* and *Robert J. Healy,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

Plaintiff's cause of action was for personal injuries sustained as a result of an accident occurring during the evening of February 1, 1962. The claimed negligence of the defendant consisted of driving his car forward at a time when plaintiff's coat was caught in its left rear door. She had been a rear-seat passenger in the vehicle and when the car stopped at her destination she stepped from it into the street, closing the left rear door behind her in such a way that, although neither she nor the driver knew it, her coat became caught in the door. The circumstances under which the incident occurred were not out of the ordinary. Although the place on the street where the vehicle stopped and where she alighted was dark, it is not claimed that there were any features of the weather or terrain or any events in the nature of distracting circumstances to account for the accident.

At the close of the evidence submitted by plaintiff with respect to the accident, the trial court granted the defendant's motion that plaintiff's cause of action be dismissed with prejudice and on the merits. Judgment was entered pursuant to the order and hence this appeal.

We affirm the decision of the trial court, being satisfied that the absence of negligence appears as a matter of law and that the accident was the clear result of contributory negligence on the part of the injured party.

The plaintiff described the critical events in this way:

"Q. Well, when you got to the front of the house tell us what happened.

"A. Well, he drove up on the front of the house, and I'm supposed to walk out, so I had my books and my purse in my hand, and I walked down to open up the door, and I said thank you, for a minute, and then I walked out, and when I walked out and I closed the door, until I turned around Mr.—he just drove away. I don't notice I have my coat in there.

\* \* \* \* \*

"Q. What did you do after you noticed the coat stuck in the door?

"A. Well, what else could I do?

"Q.   I didn't ask you that. What did you do?

"A.   I wanted, and I couldn't—but he drove right away."

Upon re-cross-examination she testified:

"Q.   * * * You may or may not have taken some steps or one step?

"A.   I doubt if I had a chance.

"Q.   You don't know though?

"A.   No chance. I don't remember.

"Q.   You don't remember. And your coat was caught at the bottom of the door, wasn't it?

"A.   Yes."

The defendant, Leon Wolkowitz, was called for cross-examination with respect to the occurrence of the accident and he testified:

"Q.   And where were Mrs. Grossman sitting at?

"A.   Mrs. Grossman was in the rear, and when she left she left on the rear left door.

"Q.   From the rear left door?

"A.   To the side of the house.

"Q.   Now, did you see Mrs. Grossman walk away from your car?

"A.   That was like I said, she was the last passenger, and when she opened the door and went out—but she didn't right away leave—she was standing in the door thanking me, you know, and she liked to invite me sometime for coffee, she said is everything okay. 'Thank you very much'. and 'Maybe sometimes you could come over for coffee.', and she closed the door, and I was waiting because I got my head turned around and I saw her, you know, leaving from the car, and so I was waiting a few seconds, you know, and I saw her leaving and I released my hand brake and I started driving, slowly.

"Q.   * * * did you see her walk away?

"A.   That's right.

"Q.   From your car?

"A.   Yes.

"Q.   You saw her walk away?

"A.   That's right.

"Q. How far did you see her walk?

"A. I couldn't see. It's a dark street."

Although there is no Minnesota case involving a similar factual situation, other jurisdictions have declared that under such circumstances the plaintiff is barred from recovery either for failure to show negligence or because of causative contributory negligence. In Swank v. Jordan (La. App.) 71 So. (2d) 636, 638, 43 A. L. R. (2d) 1277, 1280, judgment for the defendant was granted on the pleadings. Upon appeal this determination was affirmed. The court said:

"* * * It was plaintiff whose act set in motion a chain of events resulting in her own injury, and in the absence of her own act such would not have occurred. If her act was not the sole and moving cause of the accident, it clearly, in our opinion, contributed directly and proximately to the cause of the accident."

In Gagnon v. DiVittorio, 310 Mass. 475, 38 N. E. (2d) 629, a verdict for the plaintiff, who had been injured when the cuff of her coat sleeve caught on the outside of a bakery truck as it moved forward from a parked position, was set aside for failure to show negligence on the part of the defendant driver, who was unaware of the fact that plaintiff's garment had become entangled with the truck as she walked from a standing position outside of the door on the driver's side toward the rear of the truck.

In Burke v. Durland, 312 Mass. 291, 44 N. E. (2d) 655, the Massachusetts Supreme Court affirmed a directed verdict for the defendant where the plaintiff, about 5 years of age, was injured when his coat caught on a rear wheel of a bread truck under circumstances where the defendant, having warned the boy to stay away from the truck, had no reason to expect him to be where he was when injured.

In Strauss v. Hammer, 4 N. Y. (2d) 908, 174 N. Y. S. (2d) 659, 151 N. E. (2d) 91, a dismissal of the complaint at the close of the evidence was affirmed under circumstances somewhat similar to those presented to us in this case.

In Dyer v. Heatwole, 225 Md. 507, 171 A. (2d) 241, the plaintiff was injured when pulled by a car from which she had alighted. The

door had closed on the cuff of her coat, catching it between the door and the doorpost. In that case there was a disputed question of fact as to whether the plaintiff had called out to the driver before she fell. A directed verdict was affirmed upon appeal on the ground that causative contributory negligence appeared as a matter of law.

In Ward v. Dwyer, 177 Kan. 212, 277 P. (2d) 644, the case for the plaintiff was saved by a circumstance not present here, i. e., the defendant discharged his passenger within 18 inches of a precipitous ditch, preventing plaintiff from being able to clear the car and get her clothing out of the doorway.

There was nothing about the place where the defendant stopped his car which contributed to the occurrence of this accident. It was in the street directly opposite plaintiff's home and, so far as appears from the record, plaintiff could have alighted easily in such a way as to keep her coat free from the door as she closed it.

Patton v. Minneapolis St. Ry. Co. 247 Minn. 368, 77 N. W. (2d) 433, 58 A. L. R. (2d) 921; Zuber v. N. P. Ry. Co. 246 Minn. 157, 74 N. W. (2d) 641; Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822; Shinofield v. Curtis, 245 Iowa 1352, 66 N. W. (2d) 465, 50 A. L. R. (2d) 964; and Williams v. Williams, 210 Wis. 304, 246 N. W. 322, cited by plaintiff, are not relevant to the particular problem involved in this case.

It is our conclusion that the determination of the trial court must be and is affirmed.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.